UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN REID and
STEPHEN MCMULLEN,

        Plaintiffs,

v.

CITY OF DETROIT,
STEPHEN GEELHOOD,
GREGORY TOURVILLE,
STEVEN RILEY,
LARRY BARNETT,
MATTHEW BRAY,
AMY MATELIC, and
ARTHUR LEAVELLS,

        Defendants.
_____/

Case No. 2:18-cv-13681
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**<ins>ORDER DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF
DEFENDANTS' "SOURCE OF INFORMATION #2499" (ECF 52)</ins>**

**A.    Background**

This case is one of several filed against the City of Detroit and others by alleged lawful and licensed operators of marijuana grow and/or distribution facilities. On August 31, 2018, this Court denied a motion for class certification in one such case, which was later terminated by way of a March 28, 2019 stipulated order of dismissal with prejudice and without costs. *See, e.g.*, *Davis, et al. v. City of Detroit, et al.* (Case No. 2:15-cv-10547-PDB-DRG [ECFs 168, 172]).

Meanwhile, the instant and several similar cases were filed. *See*, *e.g.*, *Lockard et al. v. City of Detroit et al.* (Case No. 2:18-cv-13045-PDB-DRG); *Gardella et al v. City of Detroit et al.* (Case No. 2:18-cv-13678-TGB-APP); *Metris-Shamoon et al v. City of Detroit et al.* (Case No. 2:18-cv-13683-AJT-RSW); and, *Frontczak et al v. City of Detroit et al.* (Case No. 3:18-cv-13781-RHC-DRG). In many of these cases, a source of information (SOI) or a confidential informant (CI) is or was at issue.[1]

**B.    The Instant Case**

---

[1] As Plaintiff's counsel explained at oral argument, the Detroit Police Department keeps an ongoing file on SOIs, from whom it may receive or to whom it may turn for information repeatedly, whereas CIs are not so documented and tend to provide information in a single matter.

On November 26, 2018, Justin Reed and Stephen McMullen filed the instant case, via counsel, against the City of Detroit and John/Jane Doe Police Officers. In their March 28, 2019 first amended complaint, which is the operative pleading at this juncture, Plaintiffs identify the individual Defendants as Sgt. Stephen Geelhood, Gregory Tourville, Steven Riley, Larry Barnett, Matthew Bray, Amy Matelic, and Arthur Leavells. Although Plaintiffs claim their arrest and detention was undertaken without probable cause (ECF 19 ¶¶ 17, 22, 31), their only mention of an "affidavit" in the operative pleading is as follows:

> Plaintiffs recently obtained an affidavit in support of a search warrant for their premises (though Plaintiffs were never shown a copy of same) that was signed by Defendant Arthur Leavells who was criminally indicted and pled guilty for his role in a conspiracy to rob legitimately operated marijuana grow and distribution facilities in and around the City of Detroit.

(ECF 19 ¶ 18; *see also* ECF 52-2.)[2]

With the exception of Leavells, as to whom the Clerk has entered a default, Defendants have appeared and are represented by counsel. (ECFs 5-6, 26-28, 37-39, 50.) The Court conducted a scheduling conference on July 30, 2019, and the resulting scheduling order sets a discovery deadline of May 1, 2020. (ECF 36.)

C. **Instant Motion**

---

[2] On June 28, 2016, when asked, "You've submitted false affidavits both to the Prosecutor's Office and to judges before this[,]" Leavells testified, "Correct . . . ." (ECF 52-6 at 7.) In 2017, Leavells and others (David Hansberry, Bryan Watson,

3

On June 27, 2019 – a date prior to the aforementioned discovery conference – Plaintiff's served a notice of taking deposition of confidential informant #2499. (ECF 52-3.) Counsel for the parties discussed the possible deposition of SOI 2499 from at least August 2019 through September 17, 2019. (ECF 52-4 at 2-23.)

Currently before the Court is Plaintiff's September 24, 2019 motion to compel the deposition of Defendants' SOI #2499, which Judge Cox has referred to me for hearing and determination. (ECFs 52, 54.) Defendants have filed a response, and Plaintiffs have filed a reply. (ECFs 56, 57.) The parties also submitted a joint list of unresolved issues. (ECF 58.)[3]

**D.     The Informant's Privilege**

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957). *See also McCray v. State of Ill.*, 386 U.S. 300,

---

and Calvin Turner) were sentenced in *United States of America v. Hansberry, et al.*, Case No. 2:15-cr-20217-SJM-APP (E.D. Mich.).

[3] Also pending are: (1) Defendants' August 13, 2019 motion to dismiss (ECF 43), which includes a qualified immunity argument; and, (2) Plaintiffs' September 3, 2019 motion for leave to file a second amended complaint and jury demand (ECF 46), which is accompanied by a proposed amended pleading alleging, *inter alia*, that "Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant of Plaintiffs' business[,]" (ECF 46-2 ¶ 21). But that proposed pleading is neither operative nor before the Undersigned. Judge Cox has noticed these motions for a November 21, 2019 hearing. (ECFs 45, 48.)

4

310 (1967) (quoting *Roviaro*). This privilege has also been applied in the civil context. *See, e.g., Holman v. Cayce,* 873 F.2d 944, 945 (6th Cir. 1989) ("the identity of the informant was protected from discovery by the 'informer's privilege[.]'"); *Smith v. City of Detroit*, 212 F.R.D. 507, 509 (E.D. Mich. 2003) (Taylor, C.J.) (citing *Roviaro* and *McCray*); *May v. City Of Detroit*, No. 08-13186, 2010 WL 1417752, at *3 (E.D. Mich. Apr. 5, 2010) (Borman, J.); and, *Hunt v. City of Toledo Law Dep't*, No. 3:10 CV 2896, 2012 WL 262609, at *4-*6 (N.D. Ohio Jan. 27, 2012).

E.  **Discussion and Order**

On November 7, 2019, I conducted a hearing at which attorneys Dennis A. Dettmer, Michael R. Dezsi, James M. Surowiec, and Lindsey R. Johnson appeared. (ECFs 55, 59.) Having considered the motion papers and oral argument, I issued my ruling from the bench. For the reasons stated on the record, all of which are incorporated herein by reference as though fully restated herein, Plaintiffs' motion to compel the deposition of Defendants' SOI #2499 (ECF 52) is **DENIED WITHOUT PREJUDICE**.

In sum, setting aside the timing of the deposition notice, and based on the information before the Court, Plaintiffs have yet to show that disclosure of SOI #2499's identity or deposition of this individual "is essential to a fair determination of [this] cause[.]" *Roviaro*, 353 U.S. at 60–61. This is so, at least in part, because

5

Plaintiffs have not made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit[.]" *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). *See also McCallum v. Geelhood*, 742 F. App'x 985, 991 (6th Cir. 2018) ("the district court properly applied the *Franks* exclusionary rule to set aside the first two paragraphs of Officer Matelic's warrant affidavit.").

Although Plaintiffs' request is premature based on the current offerings, it may be renewed with a more robust and specific record that is developed with the use of discovery devices, such as Interrogatories or Requests for Admission, to determine whether SOI #2499 exists, is alive, and/or was utilized in this case. Plaintiffs may also seek the depositions of Leavells himself (if he can be successfully subpoenaed) and/or his fellow narcotics crew members. In other words, there may be a time when the SOI's deposition will be ordered subject to various protective procedures. *See, e.g.*, *May*, 2010 WL 1417752, at *3 ("the Magistrate Judge's Order, which strikes a balance between Plaintiffs' need for relevant information with the Defendants' interest in non-disclosure, is not clearly erroneous or contrary [to] law.").

Meanwhile, discovery may continue. True, "it is entirely proper for a trial judge in such cases as this to establish a time for the filing of motions challenging the sufficiency of the pleadings, during which discovery will be stayed unless good

cause can be shown to the contrary." *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986). However, no request for a stay has been filed. Moreover, notwithstanding Defendants' pending qualified immunity argument, a stay of discovery is not automatic. *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) (explaining that *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) "did not hold that any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery."); *McMillen v. Windham*, No. 3:16-CV-558-CRS, 2018 WL 652830, at *2 (W.D. Ky. Jan. 31, 2018) (Lindsay, M.J.) ("'discovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue.'") (quoting *Carden v. City of Knoxville*, 2016 U.S. Dist. LEXIS 87799, *2-3 (E.D. Tenn. July 7, 2016) (internal citation omitted)). As observed from the bench, discovery here may well frame the immunity issue, where, as here, it is intertwined with the veracity of the "judicially authorized search warrant." (ECF 43 at 23-27.)

Finally, as explained in more detail from the bench, no costs are awarded, because "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

Dated: November 12, 2019                    s/*Anthony P. Patti*
                                                                       Anthony P. Patti
                                                                       UNITED STATES MAGISTRATE JUDGE