UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid, *et al.*,

    Plaintiffs,

v.                                                 Case No. 18-13681

City of Detroit, *et al.*,                  Sean F. Cox
                                                           United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING IN PART, AND DENYING IN PART,
## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

One or more former City of Detroit police officers pleaded guilty to criminal offenses that exposed some improper searches. The Honorable Paul Borman was assigned a putative class action, filed by the two attorneys that filed this case, that involved constitutional claims following such alleged searches. Judge Borman ultimately declined to certify a class action in that case and this subsequent case is one of several individual cases filed after Judge Borman did so.

Counsel filed the original complaint in this case nearly a full year ago, on November 26, 2018, and filed a First Amended Complaint on March 28, 2019. The Allen Brothers Law Firm represents all Defendants in this case, except Defendant Arthur Leavells. After defense counsel filed a Motion to Dismiss, Plaintiffs' counsel filed both a response to that motion and a motion seeking leave to file a Second Amended Complaint – which would now be the third complaint in this case. A hearing was held on November 21, 2019. For the reasons set forth below, the Court shall grant the motion in part and deny it in part because some of the claims included in

1

the proposed Second Amended Complaint are futile.

**BACKGROUND**

Acting through counsel, Plaintiffs Justin Reid and Stephen McMullen filed this action on November 26, 2018. The original complaint asserted claims against the City of Detroit and unidentified "John Doe" police officers.

Plaintiffs' Counsel identified this case as a possible companion case to Judge Borman's Case Number 15-10547. This case is apparently one of several individual cases that these two attorneys filed after Judge Borman denied class certification.

Plaintiffs filed a First Amended Complaint in this case on March 28, 2019, in which they asserted claims against the City and identified the officers as: 1) Sgt. Stephen Geelhood; 2) Gregory Tourville, 3) Steven Riley; 4) Larry Barnett; 5) Matthew Bray; 6) Amy Matelic; and 7) Arthur Leavells. Plaintiffs' First Amended Complaint includes the following three counts: 1) "Count I; Violation Of The Fourth Amendment;" 2) "Count II; Violation Of The Fourteenth Amendment;" and 3) "Count III; *Monell* Claim Against City Of Detroit For Inadequate Training And/Or Supervision Of Its Agents And Employees Regarding The Constitutional Rights Of Citizens."

The Court issued the Scheduling Order in this action on July 31, 2019 (ECF No. 36).

On August 13, 2019, Defendants filed a Motion to Dismiss, raising several issues including: 1) the Amended Complaint lacks facts sufficient to put the individual Defendants on notice as to why they are being sued; 2) the individual Defendants are protected by qualified immunity; and 3) the 14th Amendment claim fails as a matter of law. (ECF No. 43).

In response, Plaintiffs' Counsel filed both a response to the Motion to Dismiss (that

asserts that Plaintiffs should be given leave to file a Second Amended Complaint) and a Motion For Leave To File Second Amended Complaint. (ECF Nos. 46 & 47).

Plaintiffs' proposed Second Amended Complaint includes the same named Defendants. But it would drop the challenged Fourteenth Amendment claim and would add a new conspiracy claim and some additional factual allegations.

Defendants oppose Plaintiffs' Motion to Amend, asserting both undue delay/bad faith and futility. A hearing was held on November 21, 2019.

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiffs may amend their complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). Defendants oppose Plaintiffs' motion so Plaintiffs must obtain leave of this Court in order to file their proposed Second Amended Complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons that warrant denying a motion for leave to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* at 182.

3

**I.     Bad Faith And Undue Delay**

Defendants first contend that the Court should deny Plaintiffs' motion seeking leave to file a Second Amended Complaint in this action because Plaintiffs' pleading deficiencies are the result of bad faith and dilatory motives. (Defs.' Br. at 5). In support of that argument, Defendants state that Plaintiffs are now seeking to file a second amended complaint yet have offered "no explanation as to why they failed in the two previous complaints to plead in compliance" with the standards set forth in *Twombly* and *Iqbal*. (*Id*.). They note that these two attorneys were involved in the putative class action filed before Judge Borman and assert that they should have been able to plead sufficient facts sooner based on their knowledge of the case and based upon interviewing their *own clients*.

To some extent, Defendants' point is well-taken. Plaintiffs' counsel were aware of Reid and McMullen's claims while they were pursuing class certification in the case before Judge Borman. And this is now the *third attempt* at pleading the claims of Reid and McMullen *in this case*. Yet the proposed Second Amended Complaint in this case now includes – for the first time ever – an allegation that Defendant Bray forced, coerced, and/or threatened Plaintiff Reid *at gun point* to sign a false confession. (Proposed Sec. Am. Compl. at ¶ 19). As Plaintiffs' counsel acknowledged at the November 21, 2019 hearing, that is a significant allegation and that would obviously be something his client would have been aware of before this case was ever filed. Yet Plaintiffs' counsel could offer no cogent reason why that factual allegation was not previously included in the prior complaints.

Nevertheless, the Court will not deny leave to amend on this ground. The first amended complaint was filed to replace the "john doe" officers with named officers and Plaintiffs'

4

Counsel filed the motion seeking leave to file a second amended complaint very soon after Defense Counsel sent them an email advising that they would be filing a motion to dismiss in this case. In addition, Plaintiffs' counsel dropped from the new proposed complaint one of the counts (the Fourteenth Amendment claim) in response to Defense Counsel's email challenging that claim. While Plaintiffs' counsel clearly could have sought to amend sooner, and could have included significant factual allegations in prior complaints, the Court does not believe that bad faith was involved.

## II.     Futility Of Amendments

A proposed amendment is futile if the amendment could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *JGMM Realty, LLC v. LNR Partners, LLC*, 701 F. App'x 465, 471 (6th Cir. 2017) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). The dispositive question here is whether Plaintiffs' proposed Second Amended Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *JGMM Realty, LLC, supra; Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

Defendants' response in opposition to Plaintiffs' Motion to Amend asserts that several claims in the proposed Second Amended Complaint would be futile as they would not withstand a motion to dismiss.

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678.

Moreover, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violation of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (emphasis in original).

### A. Claims Against The Individual Defendants (Other Than Leavells)

Defendants' brief in opposition to Plaintiff's Motion to Amend notes that Plaintiffs' proposed Second Amended Complaint includes allegations that Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant that was obtained for the

6

premises at issue in this case. As to that, Plaintiffs allege:

> 20. Plaintiffs recently obtained an affidavit in support of a search warrant for their premises (though Plaintiffs were never shown a copy of same) that was signed by Defendant Arthur Leavells who was criminally indicted and pled guilty for his role in a conspiracy that included unlawfully searching and seizing legitimately operated marijuana grow and distribution facilities in and around the City of Detroit.
>
> 21. Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant of Plaintiffs' business. In particular, Defendant Leavells provided false testimony regarding information he alleges [he] received from a source of information ("SOI 2499") and otherwise fabricated the bases of probable cause by falsely testifying as to a controlled buy between SOI2499 and a "seller" at Plaintiffs' premises.

(Proposed Sec. Am. Compl. at ¶¶ 20-21).

Defendants claim that the allegations in the proposed Second Amended Complaint do not constitute a constitutional violation by other officers who are alleged to have merely assisted with the execution of the search warrant obtained by Leavells:

> Leavell's conduct, however, is irrelevant to the liability of the other Defendant officers, who merely assisted with the execution of a judicially authorized search warrant. Police officers receive qualified immunity if they rely on a judicially secured warrant. *Hale v. Kart*, 396 F.3d 721, 725 (6th Cir. 2005) . . . A warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search . . . The second amended complaint contains no allegations that the Defendant officers assisted in procuring the allegedly false warrant, let alone that they were aware that Leavells had allegedly lied to the magistrate in order to obtain the search warrant. The only factual averment concerning Defendants Bray, Tourville, Riley, Leavells [sic], Barnett, and Materlic is that they "assisted and actively participated in the unlawful raid described herein under the supervision of Defendant Geelhood." At best, this merely establishes their presence at the scene.

(Defs.' Br. at 9-10). Thus, Defendants argue that because the proposed amended complaint "fails to allege any specific facts to suggest that the defendant officers' reliance on a judicially

authorized search warrant was unreasonable," the officers other than Leavells[1] are entitled to qualified immunity.

As to some of the individual officers, the proposed Second Amended Complaint does include factual allegations beyond having assisted with a judicially-authorized search warrant obtained by Leavells. For example, the proposed Second Amended Complaint includes the following allegations as to alleged wrongdoing by Defendants Tourville and Bray:

> 15. Upon information and belief, Defendant Tourville forged Plaintiff Reid's signature on a form entitled "Notice of Seizure and Intent to Forfeit" which was witnessed by Defendant Sgt. Geelhood.
> . . . .
> 19. Defendant Bray forced, coerced, and/or threatened Plaintiff Reid at gun point to sign a false confession.

(Proposed Sec. Am. Compl. at ¶¶ 15 & 19).

But as to two individual Defendants, Amy Matelic and Larry Barnett, the proposed Second Amended Complaint does not include any factual allegations as to their conduct,[2] beyond

---

[1] Their brief includes Leavells name, but that appears to be in error as the docket reflects that the Allen Brothers firm does not represent Defendant Leavells. Moreover, Leavells is alleged to have obtained the warrant by making known false statements in the search warrant affidavit so he would not be entitled to qualified immunity in any event.

[2] The Court notes that, during oral argument, Plaintiffs' Counsel asserted that factual allegations as to the conduct of the individual officers could not be included because some of them "wore masks." As noted above, the proposed Second Amended Complaint includes some factual allegations as to the conduct of some of the individual Defendants. To the extent that counsel claims that Matelic or Barnett engaged in some improper conduct, but could not be identified because they wore face masks, that argument does not aid Plaintiff because *there are no specific factual allegations as to any improper conduct by any masked officers*. (Compare with allegations in *Fazica v. Bloomfield Twp. Police Officer April Switala,* Case Number 16-13563, wherein the plaintiff alleged that specific actions were taken by officers, but that the plaintiff could not identify the officers who took them because a spithood was placed over her head.).

8

having assisted with the execution of a judicially-authorized search warrant obtained by Leavells.

As such, the Court concludes that Matelic and Barnett would be entitled to qualified immunity – based upon the allegations in the proposed Second Amended Complaint. Thus, it would be futile to include those two individual defendants in the Second Amended Complaint to be filed.

While the remaining individual Defendants may still believe that they are entitled to qualified immunity (or dismissal on other grounds), because of the way these issues were presented to the Court (in the context of a motion to amend), the Court concludes those challenges would be better addressed in new motions to dismiss after the Second Amended Complaint is filed.

### B. Claims Asserted By Plaintiff McMullen

Defense counsel also assert that the proposed Second Amended Complaint would be futile as to Plaintiff McMullen's claims because there are virtually no factual allegations as to McMullen. McMullen is included in the caption and Paragraph 9 of the proposed complaint that only identifies McMullen as an "operator" of the premises – not an owner of the premises searched or an owner of any property seized. And unlike the other named plaintiff, it does not allege that McMullen was present during the search, or that any conduct specific to McMullen occurred.

Plaintiffs' counsel's brief did not respond to this argument. At the November 21, 2019 hearing, Plaintiffs' counsel could not identify any factual allegations in the proposed Second Amended Complaint that could establish a violation of McMullen's constitutional rights. Thus,

the Court agrees with Defendants that it would be futile to include McMullen as a Plaintiff in the Second Amended Complaint. That leaves Plaintiff Reid as the sole Plaintiff in this case.

    **C.**    **The Proposed Conspiracy Count**

Plaintiff's counsel now seek to assert a new count, labeled in the Second Amended Complaint as "Concert of Action/Conspiracy." (Proposed Sec. Am. Compl. at 10). Defense Counsel assert that this claim would be futile, due to insufficient factual allegations to support this claim.

At the hearing, Plaintiff's counsel stated that while he is unsure if this new proposed claim is a state-law claim or a federal conspiracy claim under 42 U.S.C. § 1985, or "some combination of the two," he believes it is a state-law claim. (*See* 11/21/19 Hrg. Tr.). Regardless of whether the claim was intended as a state-law conspiracy claim or a federal claim under § 1985, the Court agrees that this claim would be futile due to insufficient supporting factual allegations.

To the extent that this new count purports to add a civil rights conspiracy claim under § 1985(3)[3], it fails to state a claim. "To maintain a cause of action under § 1985(3), a plaintiff must establish a conspiracy to deprive a person of equal protection of the law and demonstrate that the conspiracy was motivated by a class-based animus, such as race." *Lorenzi v. Lorenzi*, 44 F. App'x 683, 685 (6th Cir. 2002) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). Here, the proposed Second Amended Complaint contains no such allegations.

---

[3]The Court notes that 42 U.S.C. § 1985 also contains subsection (1), that deals with conspiracies to prevent an officer from performing duties, and subsection (2), that deals with conspiracies to obstruct justice through witness intimidation in federal courts, neither of those subsections could apply, given the facts alleged here.

To the extent that this new count purports to add a state-law conspiracy claim under Michigan law, it also fails to state a claim due to insufficient supporting factual allegations. Moreover, this Court would decline to exercise supplemental jurisdiction over such a state-law claim in this particular case in any event, as it would predominate over the narrow federal claims in this action and could cause juror confusion if it were presented to a jury along with Plaintiff Reid's federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, the Second Amended Complaint to be filed by Plaintiff's counsel shall not include the proposed Count III.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to the extent that the Second Amended Complaint to be filed by Plaintiff's counsel:

1) shall not include Stephen McMullen as a plaintiff;

2) shall not include Larry Barnett or Amy Matelic as Defendants; and

3) shall not include the conspiracy claim that was labeled as Count III in the proposed Second Amended Complaint filed as ECF No. 47-2.

IT IS FURTHER ORDERED that Plaintiff's counsel shall file a Second Amended Complaint that complies with the rulings in this Opinion & Order **no later than December 2, 2019.** Absent truly exceptional circumstances, NO FURTHER AMENDMENTS of Plaintiff's Complaint shall be allowed.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is DENIED WITHOUT PREJUDICE. After Plaintiff's counsel has filed the Second Amended Complaint, Defendants may file a renewed motion to dismiss that raises any grounds Defense Counsel deems appropriate, including qualified immunity.

IT IS SO ORDERED.

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: November 25, 2019