UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN REID and
STEPHEN McMULLEN,

                                                    Case No. 2:18-cv-13681
                    Plaintiffs,        District Judge Sean F. Cox
v.                                     Magistrate Judge Anthony P. Patti

CITY OF DETROIT, et al.,

                    Defendants.
_____/

**ORDER REGARDING SUPPLEMENTAL BRIEFING (ECF Nos. 67 & 68)
AND PLAINTIFF'S REQUEST TO ADMIT NO. 2 and REQUIRING AN *IN
CAMERA* INSPECTION**

**A.     Background**

On November 12, 2019, the Court entered an order denying without

prejudice Plaintiffs' motion to compel the deposition of Defendants' "source of

information #2499."  (ECF Nos. 52, 60.)  In pertinent part, it stated:

> Although Plaintiffs' request is premature based on the current
> offerings, it may be renewed with a more robust and specific record
> that is developed with the use of discovery devices, such as
> Interrogatories or Requests for Admission, to determine whether SOI
> #2499 exists, is alive, and/or was utilized in this case.  Plaintiffs may
> also seek the depositions of Leavells himself (if he can be successfully
> subpoenaed) and/or his fellow narcotics crew members.  *In other
> words, there may be a time when the SOI's deposition will be ordered
> subject to various protective procedures.*

(ECF No. 60, PageID.1220 (emphasis added).)

On December 1, 2019, Plaintiffs filed a second amended complaint, wherein

Plaintiff alleges in part:

> Defendant Leavells falsely testified to facts in the affidavit in support
> of the search warrant of Plaintiff's business. In particular, Defendant
> Leavells provided false testimony regarding information he alleges he
> received from a source of information ("SOI 2499") and otherwise
> fabricated the bases of probable cause by falsely testifying as to a
> controlled buy between SOI 2499 and a "seller" at Plaintiff's
> premises.

(ECF No. 63 PageID.1246 ¶ 21).  On December 13, 2019, Defendants filed an

answer to the second amended complaint, wherein they stated, *inter alia*:

"Defendants can neither admit nor deny the allegations contained in paragraph 21,

as they are without knowledge or information sufficient to form a belief about their

truth or falsity."  (ECF No. 66, PageID.1264 ¶ 21.)

## B.      Instant Matter

Meanwhile, on December 7, 2019, Defendant City of Detroit served

responses to two requests to admit, one of which concerned SOI# 2499 and another

which concerned Defendant Leavells's January 8, 2014 affidavit.  (ECF No. 67-2;

*see also* ECF No. 52-2.)  At the same time the City of Detroit served its discovery

responses, Defendants also informed the Court, via letter, that they wished "to

submit Detroit Police Department files for SOI# 2499 and SOI# 2449 for in-

camera review so as to preserve privilege and keep any identity or identities

secret."

On December 9, 2019, via email, Plaintiffs registered their belief that this issue should be addressed through motion practice and further informed the Court of their intention "to renew our motion to compel the deposition in light of the Defendants' answers to our Request to Admit."

The Court noticed a telephonic status conference, which was conducted on December 12, 2019. (ECF Nos. 64, 65.) On December 17, 2019, Plaintiff Reid filed a supplemental brief, which addresses: (1) the second amended complaint (ECF 63); (2) Plaintiff Reid's declaration (ECF No. 67-6); (3) Defendants' answers to the Requests to Admit (ECF 67-2); (4) Detroit Police Department Chief Craig's public statements; and, (5) informant's privilege law. (ECF No. 67, PageID.1281-1290.) Defendants filed a supplemental response on January 2, 2010, arguing that: (1) Plaintiff failed to comply with the meet and confer requirement; (2) Plaintiff failed to make a substantial preliminary showing that a false statement, with the requisite level of intent, was included in the affidavit supporting the warrant at issue; and, (3) an order compelling the deposition of SOI# 2499 is not justified at this juncture, although an *in camera* inspection of related files is appropriate.

## C.    Order

### 1.    Request to admit No. 2

To the extent that Plaintiff Reid's December 17, 2019 supplemental brief can be construed as a motion to compel a further response to RTA No. 2, arguing

that Defendants' answer "is non-responsive to the question in the first instance" and requesting to have it "admitted in its entirety" under Fed. R. Civ. P. 36(a)(6) (*see* ECF No. 67, PageID.1283-1284)), the relief is **DENIED.** The Court has reviewed the challenged response (see ECF No. 67-2, PageID.1295). While true that its first sentence is non-responsive and superfluous, its remainder is fully responsive, making clear that these particular Defendants lack information to admit or deny and explaining why. It also states that "reasonable inquiries for information were made within the department . . . ." (*Id.*) The Court finds that it complies with Fed. R. Civ. P. 36(a)(4).

### 2. Request for costs

Likewise, Plaintiff Reid's request for "an award of costs and fees" contained within his supplemental brief (ECF No. 67, PageID.1290) is **DENIED** for four reasons. First, the briefing is not a motion in and of itself. Second, to the extent it could be construed as a motion, it fails to comply with the meet and confer requirements of this Court under E.D. Mich. Local Rules 7.1 and 37.1. Indeed, as suggested by Defendants' responding brief, such a conference would have resulted in Plaintiff obtaining a stipulation for an *in camera* review of the very SOI files about which Plaintiff is most curious. (ECF No. 68, PageID.1320.) Third, even if a motion, the relief requested is not fully granted; it is in large part denied, as explained above. *See* Fed. R. Civ. P. 37(a)(5)(C). Fourth, given the appropriate

sensitivity with which the disclosure of SOI information is necessarily handled in this case, it is clear that Defendant cannot make the requested disclosures without a court order. As such, even if the motion were granted, there are "other circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

### 3.    *In camera* **review**

Nevertheless, although "[i]t is an elusive goal, at best," a "lawsuit is a search for the truth." *Vance v. Rice*, 524 F.Supp. 1297, 1300 (S.D. Iowa 1981). Defendants appear to have information which will shed light on inter-related, key questions at issue here: (1) whether Officer Leavells was truthful in the affidavit by which he supported his application for a warrant to search Plaintiff's (or Plaintiffs') property (or properties); and, (2) whether he had a good faith basis to seek the warrant. Plaintiff is unable to serve or subpoena Defendant Leavells, who is allegedly eluding service. Defendant City of Detroit has offered to produce the informant files for SOI ## 2499 & 2449 to the Court for an *in camera* inspection. (ECF No. 68, PageID.1325-1327.) In order to determine whether additional relief is warranted, the suggested review must occur. Accordingly, the parties' attorneys are ordered to appear in my chambers on **Friday, January 10, 2020 at 2:30 p.m.**, at which time Defendant City of Detroit **SHALL** produce copies of the Detroit

Police Department files for SOI# 2499 and SOI# 2449 for *in camera* review.

Thereafter, the Court will issue any additional rulings that may be necessary.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P.

72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED.**

**Dated:** January 4, 2020                     s/*Anthony P. Patti*
                                                                                  Anthony P. Patti
                                                                                  U.S. Magistrate Judge