UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN REID and
STEPHEN McMULLEN,

           Plaintiffs,

v.

CITY OF DETROIT, et al.,

           Defendants.
_____/

Case No. 2:18-cv-13681
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART and DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS (ECF No. 76)

Pursuant to the Court's July 31, 2019 scheduling order, discovery in this case closed on May 1, 2020. (ECF No. 36.)[1] Plaintiff Reid's answers to Defendants' first set of interrogatories and request for production of documents are dated December 2019. (ECF No. 76-2.)

Currently before the Court is Defendants' April 17, 2020 motion to compel Plaintiff's supplemental responses to first set of interrogatories and document

---

[1] There is a currently pending motion to extend discovery (ECF No. 83), regarding which a response and reply have been filed (ECF Nos. 85, 86), although this motion has not been referred to me and, thus, is before Judge Cox.

1

requests (ECF No. 76), regarding which a response (ECF No. 82), a reply (ECF No. 84), and a joint list of unresolved issues (ECF No. 87) have been filed.[2]

Judge Cox referred this motion to me for hearing and determination, and, on May 22, 2020, I conducted a telephonic hearing, at which attorneys Dennis A. Dettmer, Michael R. Dezsi, James M. Surowiec and Lindsey R. Johnson appeared. (ECF Nos. 77, 78.)  For the reasons stated on the record, <u>all of which are incorporated by reference as if included herein</u>, Defendants' motion to compel supplemental responses (ECF No. 76, PageID.1405) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- As to **Interrogatory (Int.) No. 5**, Plaintiff has withdrawn his attorney client privilege objection, although the Court notes that the objection was unfounded.  *See, e.g., Reed v. Baxter*, 134 F.3d 351, 358 (6th Cir. 1998), *E.E.O.C. v. Chrysler LLC*, No. CIV.A. 07-CV-12986, 2008

---

[2] As mentioned at the conclusion of the May 22, 2020 hearing, the Court offers the following observations to guide the progression of this case:  (a) the Court disagrees with Defendants' characterization of Plaintiff's relevancy-related objections as "merely boilerplate," (ECF No. 76, PageID.1403); (b) use of hyperbole, such as "absolute ambush tactics," is unnecessary and should be avoided (*id*., PageID.1404); (c) the moving party's prayer for relief was not clear as to what is and what is not at issue, which is necessary to narrow the issues before the Court (*see id.,* PageID.1405); (d) Plaintiff's response brief cited to an exhibit, for which all of the referenced pages were not attached (*compare* ECF No. 82, PageID.1447, 1450-1451, *with* ECF No. 82-5); (e) Defendants assert that "the parties' communications have been relegated to written communication, with very few exceptions[,]" (ECF No. 87, PageID.1734), which, if true, cannot be condoned or accepted in the future by this Court; the parties should otherwise be able to communicate, consistent with this Court's civility rules and my practice guidelines; and, (f) the joint list was not as useful as it could have been in defining those issues that remained to be addressed by the Court.

WL 2622948 (E.D. Mich. July 2, 2008), *Willis v. Grainger*, No. 5:10 CV 185, 2010 WL 1629988 (N.D. Ohio Apr. 21, 2010).  Moreover, Plaintiff **SHALL** supplement his written answer, under oath, to clarify the origin of the "culture of corruption" phrase contained in his pleadings (as he did in his motion response and during oral argument), for example, by referring to the amended witness list (ECF No. 81), which mentions certain witnesses who will testify to corruption.

- As to **Int. No. 6**, Plaintiff provided a computation, but he did not identify witnesses or documents, as called for in the discovery request.  Plaintiff **SHALL** supplement his written answer under oath with a fully responsive answer.

- As to **Int. No. 9**, Defendants' request to supplement is **DENIED AS MOOT**, based on Plaintiff's May 1, 2020 amended witness list (ECF No. 81), although Plaintiff should have provided the information in its interrogatory response.

- As to **Int. No. 10**, Defendants' motion is **DEEMED WITHDRAWN**.

- As to **Int. No. 12**, Plaintiff did not lodge objections; thus, any objections are waived.  Plaintiff's response that he cannot recall the names of *each* of his patients, coupled with the statement that LARA should have patient information on file, is not fully responsive, as it did not supply information for *any* of his patients.  Plaintiff **SHALL** supplement this answer under oath.

(*See* ECF No. 76-2, PageID.1410-1415.)

- As to **RTP No. 1**, Plaintiff did not lodge objections; thus, any objections are waived.  For the reduced 2010 to 2016 period requested by defense counsel, which the Court finds to be reasonable, Plaintiff need not provide "other" documents, but he **SHALL** produce state and federal tax returns.  If he does not have such documents in his possession or under his control, then he will need to provide IRS and state income tax releases to the Defendants –including Plaintiff's social security number and the Employer Identification Number (EIN) for Organic

3

    Man Sam's Compassion Club (OMSCC), if one exists and Plaintiff knows or has the ability to obtain it – so that they can seek to obtain them directly from the taxing authorities.

- As to **RTP No. 2**, the Court cannot compel Plaintiff to give what he does not have, but Plaintiff's response is not fully responsive.  The request asked for production of *all* documents and/or records, but the answer only asserts that he does not have a copy of the lease.  Plaintiff **SHALL** supplement his response to clarify whether he has *any* documents to prove a legal interest in the real property in question (2627 John R Street, Detroit, MI), although Defendants may also, for example, subpoena such documents from the landlord, in compliance with Fed. R. Civ. P. 45, or depose or subpoena now non-party Stephen McMullen, in the event that discovery is extended to permit it.

- As to **RTP No. 3**, again limited to 2010-2016, Plaintiff **SHALL** supplement his written response and produce bank statements.  Plaintiff's relevance objection is **OVERRULED**.  Plaintiff is claiming damages in a cash business, admittedly conducted with little formality, which may not even have an EIN or file tax returns.

- As to **RTP No. 4**, again limited to 2010 – 2016, Plaintiff's relevance objection is **OVERRULED**, and Plaintiff **SHALL** produce the requested documents for the reasons stated immediately above and from the bench.

- As to **RTP No. 5**, again limited to 2010 – 2016, and for the reasons covered in the ruling on RTP No. 1, Plaintiff's relevance objection is **OVERRULED**, and Plaintiff **SHALL** produce the requested documents to the extent available and releases to the extent they are not.

- As to **RTP No. 10**, Plaintiff's relevancy objection is **SUSTAINED** as to "other businesses interests," as these are not at issue and there has been no showing that money flowed between any such businesses and the business at issue in this

4

>    case, OMSCC.  However, Plaintiff's relevancy objection is **OVERRULED** as to his personal finances.  Again limited to 2010 – 2016, Plaintiff **SHALL** supplement his response in accordance with the rulings set forth above.
>
> - As to **RTP No. 12**, Defendants' motion is **DENIED**.  Although Plaintiff did not lodge objections, his answer to this request is responsive.  In addition, Defendants did not identify in their motion what documents were produced or how such production was lacking.

(*See* ECF No. 76-2, PageID.1415-1420.)

Plaintiff shall serve any discovery responses or supplementation ordered herein by **Friday, June 5, 2020**.  Such discovery may be made subject to a stipulated protective order, perhaps similar to the one entered on March 17, 2020 regarding Source of Information files (ECF No. 71).  Finally, Defendants' request for an award of Fed. R. Civ. P. 37(a)(5) costs and fees (ECF No. 76, PageID.1405) is **DENIED**, as neither party fully prevailed.

**IT IS SO ORDERED.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

**Dated:**  May 27, 2020  s/*Anthony P. Patti*
Anthony P. Patti
U.S. Magistrate Judge