UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

       Plaintiff,

v.                                  Case No. 18-13681

City of Detroit, *et al.*,          Sean F. Cox
                                     United States District Court Judge

       Defendants.

_____/

## ORDER DENYING
## DEFENDANTS' MOTION TO STRIKE AND RELATED MOTION

Currently pending before this Court is a summary judgment motion filed by several defendants. After the summary judgment briefing had concluded, and after the deadline for filing motions in this case, Defendants filed a "Motion To Strike Inadmissible Exhibits From Plaintiff's Response Opposing Summary Judgment." (ECF No. 101). In addition, on September 2, 2020, Defendants filed a motion seeking to file a sealed exhibit in support of that Motion to Strike. (ECF No. 109). The Court concludes that oral argument is not necessary and orders that the motions will be decided without oral argument.

In the Motion to Strike, Defendants state that Plaintiff's response brief "attaches 816 pages of exhibits," many of which concern other § 1983 actions pending in this district before other judges. Defendants object that "Reid's response does not focus on the facts of this case, rather he relies" on those other cases, "other unrelated matters, news articles and irrelevant documents in order to create the appearance of systemic corruption in the department." (*Id*. at 1-2). Defendants ask the Court to strike a number of exhibits that Plaintiff filed in response to the

1

pending summary judgment motion.

In response, Plaintiff asks the Court to deny this motion because summary judgment exhibits are not properly subject to a motion to strike under Fed. R. Civ. P. 12(f).

Plaintiffs are correct that it is improper to seek to strike exhibits to a dispositive motion. "Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Michigan State Police Dept.*, 174 F. App'x 372, 375 (6th Cir. 2006).  "Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."  *Id.*; *see also Lombard v. MCI Telecommunications Corp.*, 13 F.Sup.p2d 621, 625 (N.D. Ohio 1998) (Exhibits are not subject to motions to strike and noting the court should disregard inadmissible evidence, not strike the evidence from the record); *Bearden v. Ballad Health*, 2019 WL 6736453 (E.D. Tenn. 2019). That does not mean, however, that the parties cannot argue that a particular exhibit is not properly before the Court under Rule 56(c).  But the "Federal Rules of Civil Procedure do not require the district court to remove documents other than pleadings from the record in a case." *Fox, supra.*  Accordingly, the Court DENIES this motion.[1]  In light of this ruling, the Court also DENIES Defendants' motion seeking to file a sealed exhibit in support of the motion.

---

[1]Although this same line of authority means that motions and briefs are not pleadings subject to a motion to strike (*see, eg., American Customer Satisfaction Index, LLC v. ForeSee Results, Inc*., 2019 WL 3342340 at * 6 (E.D. Mich. 2019), in his response to Defendants' motion Plaintiff asks this Court to strike Defendants' Motion to Strike.  That request, which is also improperly made in a response brief, is denied for lack of merit.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 2, 2020