UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

      Plaintiff,

v.                                  Case No. 18-13681

City of Detroit, *et al.*,            Sean F. Cox
                                  United States District Court Judge

      Defendants.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**AS TO DEFENDANT LEAVELLS**

In this civil action, Plaintiff Justin Reid asserts §1983 claims against the City of Detroit

and five of its current or former police officers, alleging that the officers violated his Fourth

Amendment rights during the execution of a search warrant at his business premises in January

of 2014. He also asserts a *Monell* claim against the City, seeking to hold it liable for those

violations.

This matter is currently before the Court on a Motion for Default Judgment filed by

Plaintiff, as to Defendant Leavells only. A hearing was held on October 1, 2020. As explained

below, Plaintiff served Defendant Leavells with the First Amended Complaint, and obtained a

Clerk's Entry of Default when that was the operative complaint. Plaintiff later filed a Second

Amended Complaint, that included a new claim against Leavells, thereby requiring Plaintiff to

serve that amended pleading on Leavells. But Plaintiff failed to do so. The case law reflects that

under these circumstances, Plaintiff may only seek a default judgment against Leavells as to the

First Amended Complaint. This Court concludes that pleading, even when all well-pleaded

1

factual allegations as to Leavells are accepted as true, fails to establish that Leavells is liable for

violating Plaintiff's Fourth Amendment rights.  As such, the Court DENIES the motion.

## BACKGROUND

Acting through counsel, Plaintiffs Justin Reid and Stephen McMullen filed this action on

November 26, 2018.

Plaintiffs filed a First Amended Complaint on March 28, 2019.  (ECF No. 19).  That

pleading alleges that the "Defendant-Officers" did various things during the execution of a

search warrant in January of 2014, without specifying which officers did them.  It also alleges

that specific officers took various actions.  For example, it alleges that Defendant Geelhood

supervised the raid.  As to Defendant Leavells, the First Amended Complaint references him by

name only once:

> 18.     Plaintiffs recently obtained an affidavit in support of a search warrant for
>         their premises (though Plaintiffs were never shown a copy of same) that
>         was signed by Arthur Leavells who was criminally indicted and pled
>         guilty for his role in a conspiracy to rob legitimately operated marijuana
>         grow and distribution facilities in and around the City of Detroit.

(ECF no. 19 at PageID.223).  Thus, that paragraph alleges that: 1) Leavells signed the affidavit

that was used to obtain the search warrant at issue in this case; and 2) that Leavells was charged

with, and plead guilty to, being involved in a conspiracy that was not alleged to have any

connection to the search at issue in this case.

On July 2, 2019, Plaintiffs filed a motion requesting to serve Defendant Leavells with

their First Amended Complaint by substituted service by publication.  (ECF No. 31).  This Court

granted that request in an order issued on July 30, 2019.  (ECF No. 35).  On August 23, 2019,

Plaintiffs filed a Certificate of Service on the docket, indicating that Defendant Leavells had

been served with the First Amended Complaint via publication.  (ECF No. 44).

On September 10, 2019, Plaintiffs requested a Clerk's Entry of Default as to Defendant

Leavells.  (ECF No. 49).  A Clerk's Entry of Default was issued against Leavells on September

11, 2019.  (ECF No. 50).  For reasons unknown, Plaintiffs did not file a motion seeking a default

judgment against Defendant Leavells at that time.

Following a Motion to Dismiss, a Second Amended Complaint was filed on December 1,

2019.  (ECF No. 63).  At this juncture, the only remaining Plaintiff is Justin Reid ("Reid").  The

Second Amended Complaint is Reid's third complaint in this case.

In it, Reid asserts claims against the City of Detroit ("the City") and five of its current or

former police officers: 1) Sgt. Stephen Geelhood; 2) Gregory Tourville, 3) Steven Riley; 4)

Matthew Bray; and 5) Arthur Leavells.  It includes two counts: 1) "Count I; Violation Of The

Fourth Amendment;" asserted against all of the individual Defendants;  and 2) "Count III;

*Monell* Claim Against City Of Detroit For Inadequate Training And/Or Supervision Of Its

Agents And Employees Regarding The Constitutional Rights Of Citizens," asserted against the

City.

As to the factual allegations concerning the Fourth-Amendment claim asserted against

the individual officers, Reid's Second Amended Complaint alleges as follows:

> 9.      In January 2014, Plaintiff Justin Reid was the lawful and licensed operator
>         of a marijuana grow/distribution facility named Organic Man Sam's
>         Compassion Club ("OMS CC") located in the City of Detroit.
>
> 10.     On or about January 6, 2014, Defendants, acting under color of law and as
>         officers of Defendant City of Detroit's Narcotics Unit, conducted an
>         unlawful raid of Plaintiff's aforementioned business.
>
> 11.     During the raid, which was supervised by Defendant Sgt. Geelhood,
>         Defendants extensively tore apart Plaintiff's property and removed,

without lawful authority, marijuana and other related products of Plaintiff's business.

12.    Defendant-Officers purposefully concealed their identities during the raid as many of them wore face masks.

13.    During the raid, Plaintiff Reid was unlawfully searched and seized(handcuffed) within the meaning of the Fourth Amendment.

14.    Defendants seized without lawful authority approximately $35,000-$50,000 cash from Plaintiff's business.  In their evidence logs and police reports, however, Defendant Riley reported seizing only $6,597.00.

15.    Upon information and belief, Defendant Tourville forged Plaintiff Reid's signature on a form entitled "Notice of Seizure and Intent to Forfeit" which was witnessed by Defendant Sgt. Geelhood.

16.    Defendants also seized, without lawful authority, several pounds of lawfully possessed marijuana though Defendants underreported the amount they seized.

17.    Defendants also took, without lawful authority, a lawfully possessed handgun belonging to Plaintiff Reid.

18.    Defendants had no probable cause to seize and/or arrest Plaintiff Reid nor was Plaintiff Reid ever shown a search or arrest warrant at the time of the raid.

19.    Defendant Bray forced, coerced, and/or threatened Plaintiff Reid at gun point to sign a false confession.

20.    Plaintiff recently obtained an affidavit in support of a search warrant for their premises (though Plaintiff was never shown a copy of same) that was signed by Defendant Arthur Leavells who was criminally indicted. Leavells pled guilty for his role in a conspiracy that included unlawfully searching and seizing legitimately operated marijuana grow and distribution facilities in and around the City of Detroit.

21.    Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant of Plaintiff's business.  In particular, Defendant Leavells provided false testimony regarding information he alleges he received from a source of information ("SOI 2499") and otherwise fabricated the bases of probable cause by falsely testifying as to a

controlled buy between SOI 2499 and a "seller" at Plaintiff's premises.

22.     Plaintiff was   never charged with any crimes relating to the raid upon his business.

23.     Defendants Bray, Tourville, Riley, and Leavells assisted and actively participated in the unlawful raid described herein under the supervision of Defendant Geelhood.

24.     Upon information and belief, Defendants have engaged in similar unlawful searches and seizures of other legitimate marijuana grow and/or distribution facilities in and around the City of Detroit.

25.     Defendant City of Detroit has allowed an unconstitutional policy, custom and practice to flourish within its police department under which its police officers, including Defendants, have unlawfully seized, confiscated, destroyed, or otherwise disposed of legitimate products of marijuana grow facilities.

26.     During these unconstitutional searches and seizures, Plaintiff and dozens of other similar business owners would be threatened, intimidated, detained, and seized (often at gun point) without probable cause.

27.     Upon information and belief, Defendants, including its supervisory personnel like Defendant Sgt. Geelhood, routinely conducted, participated, encouraged and/or allowed the types of illegal searches and seizures described herein.

28.     As a result of Defendants' actions, Plaintiff was  degraded, humiliated, and subjected to an unlawful search and seizure in violation of his constitutional rights.

29.     Plaintiff suffered extreme emotional distress, humiliation, embarrassment, and damage as a result of Defendants' unlawful actions.

(Sec. Am. Compl. at 2-6).  The actual count alleges as follows:

COUNT I; VIOLATION OF THE FOURTH AMENDMENT

32.     Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the Complaint.

33.     The acts of Defendants as ratified, endorsed, and cultivated by the City of Detroit and its Police Department as described herein violated Plaintiff's

rights against unlawful and unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

34.     Plaintiff Reid's search and seizure as described herein was undertaken by Defendants without probable cause and without regard to any legitimate law enforcement interest.

35.     Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with Defendant City's deliberate policies, customs, and practices as carried out through the Detroit Police Department.

36.     The constitutional rights that Defendants violated were clearly established at all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

37.     Defendants are not entitled to qualified immunity.

38.     By virtue of Defendants' actions, Plaintiff is entitled to compensatory, exemplary, and punitive damages.

(*Id*. at 6-7).

The City of Detroit declined to defend or indemnify Defendant Arthur Leavells, one of the five Defendant police officers in this case. The City does not represent Leavells and he has not entered an appearance or defended in this case.

On May 25, 2020, shortly before the deadline for filing all motions in this case, Plaintiff filed a "Motion for Default Judgment As To Liability Against Defendant" Leavells (ECF No. 88), wherein Reid asks this Court to enter a default judgment as to liability only as to Leavells.

**ANALYSIS**

Reid's Motion for Default Judgment (ECF No. 88) asks this Court to enter default judgment "as to liability against Defendant Arthur Leavells only." Notably, the motion does not specify the nature of the claim asserted against Leavells.

Pursuant to Fed. R. Civ. P. 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Once a default has been entered by the Clerk's Officer, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). If the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the court should enter a judgment in favor of the plaintiff as to the defaulted defendant. *Id.*

Reid's motion acknowledges this applicable standard. (*See* Pl.'s Br. at ii-iii). But his motion and brief fail to explain how the well-pleaded allegations against Defendant Leavells establish his liability for any § 1983 claim asserted against him. Rather than focus on the actual allegations asserted against Leavells (in either the First or Second Amended Complaints), Reid's motion attaches and relies on matters outside of the pleadings: 1) a plea agreement that Leavells entered into in a criminal case not related to this action; and 2) some trial testimony of Leavells in a criminal trial against others. None of that comes into play in evaluating whether Reid's factual allegations against Leavell are sufficient to establish liability for any Fourth Amendment claim asserted against him.

Reid's motion asserts that the "issue of liability as to Defendant Leavells is no longer in dispute given his default in this matter," without identifying the well-pleaded allegations as to Leavells in his complaint and then explaining how or why those allegations establish liability for any claim asserted against him. His motion bypasses that entirely and, moves on to address whether there could be a determination of joint and several liability damages in this case as to

Defendant Leavells and the City.

Reid's Motion for Default Judgment[1] does not address whether he is seeking to have the allegations in the First Amended Complaint or Second Amended Complaint deemed admitted as to Leavells. Despite his failure to explain how he believes the well-pleaded allegations are sufficient to establish liability as to Leavells, or to even specify the claim asserted against him, the Court will address that issue.  Before doing so, the Court must first determine which is the operative complaint as to Defendant Leavells under the unusual circumstances presented here.

Defendant Leavells was served with the First Amended Complaint via published service. Reid obtained a Clerk's Entry of Default against Defendant Leavells on September 11, 2019.  At that time, the operative Complaint was Plaintiffs' First Amended Complaint.

But Reid did not file a motion seeking a default judgment against Defendant Leavells until May 25, 2020, shortly prior to the deadline for filing all motions in this case.  In this motion, Reid asks the Court to issue a default judgment as to liability only as to Defendant Leavells.

In between obtaining the Clerk's Entry of Default as to Leavells and seeking a default judgment against him, Reid filed a Second Amended Complaint.  Leavells was not served with the Second Amended Complaint.  That complicates matters.

**A.    Reid Cannot Obtain A Default Judgment Against Defendant Leavells As To His Second Amended Complaint, Because He Failed To Serve Leavells With That Pleading, Even Though It Contains A New Or Additional Claim**

---

[1]Plaintiff's Response Brief, in opposition to the summary judgment filed by the other Defendants, however, indicates he wishes to have the allegations of the Second Amended Complaint deemed admitted. (*See* ECF No. 97 at PageID.2725) (Wherein Plaintiff argue that "Leavells, the affiant of the search warrant, is in default such that the allegations of Plaintiff's second amended complaint against him are deemed admitted.").

**Against Leavells.**

The first issue that arises in connection with the pending motion is whether Reid can obtain a default judgment as to Leavells based upon the Second Amended Complaint, despite his not having been served with it.

Rule 5 of the Federal Rules of Civil Procedure governs "Serving and Filing Pleadings and Other Papers." The rule provides that, unless the rules provide otherwise, "a pleading filed after the original complaint" is generally required to be served, "unless the court orders otherwise under Rule 5(c) because there are numerous defendants." Fed. R. Civ. P. 5(a)(1)(B). The rule expressly provides:

> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. *But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.*

Fed. R. Civ. P. 5(a)(2) (emphasis added). Thus, if an amended complaint contains "new or additional claims for relief" against a party in default, then Rule 5(a) requires personal service of that amended pleading pursuant to Rule 4. *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982); 4B Fed. Prac. & Proc. Civ. § 1144 *Appearance a Prerequisite for Service* (4th ed.) (Explaining that under the second sentence of Rule 5(a)(2), a party who is in default for failure to appear is entitled to receive a pleading asserting new or additional claims against him and "it must be served on him under Rule 4 as if it were original process."); *D'Angelo v. Potter*, 221 F.R.D. 289, 291 (Explaining that under Rule 5, a plaintiff has no legal obligation to serve an amended pleading on a defaulted defendant "except for an amended complaint that contains new or altered claims for relief."). The Eleventh Circuit explained the rationale for this as follows:

> Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect
> a policy that a defendant should receive notice of all claims for relief upon which
> a court may enter judgment against him. Formal personal service impresses upon
> a defendant that judicial process has been invoked to effect a coercive remedy
> against him.  Whether the notice be that an action has commenced or that the
> moving party has added a new or additional claim for relief against a party in
> default for failure to appear, the need for notice is the same.

*Id.*  With the new information provided in an amended pleading, a defaulted defendant is then

able to make strategy decisions about how to proceed.  "The defendant is entitled to make these

strategy decisions following notice of the new or additional claim for relief, irrespective of

whether upon hindsight plaintiff has actively pursued that claim.  To facilitate this process Rule

5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint

asserts a new or additional claim for relief."  *Id*. at 1369.

In this case, Reid asserts § 1983 civil rights claims against several officers, including

Leavells.  The Sixth Circuit "has consistently held that damage claims against government

officials arising from alleged violations of constitutional rights must allege, with particularity,

facts that demonstrate what *each* defendant did that violated the asserted constitutional right."

*Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); *Terrance v.*

*Northville Reg. Psych. Hosp*., 286 F.3d 834, 842 (6th Cir. 2002) (The Sixth Circuit "has

consistently held that damage claims against governmental officials alleged to arise from

violation of constitutional rights cannot be founded upon conclusory, vague or general

allegations, but must instead, allege facts that show the existence of the asserted constitutional

rights violation recited in the complaint and what *each* defendant did to violate the asserted

right.") (emphasis in original).

A comparison of the First and Second Amended Complaints shows that the Second

Amended Complaint contains new or additional claims against Defendant Leavells.

In the First Amended Complaint, Reid alleged that the "Defendant-Officers" did various things during the execution of a search warrant in January of 2014, without specifying which officers did them. As to Defendant Leavells, the First Amended Complaint lists him in the caption and then references him by name just once:

> 18.  Plaintiffs recently obtained an affidavit in support of a search warrant for their premises (though Plaintiffs were never shown a copy of same) that was signed by Arthur Leavells who was criminally indicted and pled guilty for his role in a conspiracy to rob legitimately operated marijuana grow and distribution facilities in and around the City of Detroit.

(ECF no. 19 at PageID.223). Thus, that paragraph alleges that: 1) Leavells signed the affidavit that was used to obtain the search warrant at issue in this case; and 2) that Leavells was charged with, and plead guilty to, being involved in a conspiracy that is not alleged to have any connection to the search at issue in this case.

In the Second Amended Complaint, Reid then included – for the first time – factual allegations specific to the alleged wrongful conduct of Defendant Leavells:

> 21.  Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant of Plaintiff's business. In particular, Defendant Leavells provided false testimony regarding information he alleges he received from a source of information ("SOI 2499") and otherwise fabricated the bases of probable cause by falsely testifying as to a controlled buy between SOI 2499 and a "seller" at Plaintiff's business.

(Sec. Am. Compl. at ¶ 21). Those factual allegations as to Defendant Leavells were not included in the First Amended Complaint. Thus, the Second Amended Complaint contains a new or additional claim against Defendant Leavells – that Leavells violated Reid's constitutional rights by falsely swearing to an affidavit that was used to obtain a search warrant for Plaintiff's property.

Accordingly, because Reid did not serve the Second Amended Complaint on Defendant

Leavells, his request for a default judgment stating that he is liable for the factual allegations set

forth in the Second Amended Complaint must be denied.

> **B.      In This Unusual Situation, Reid's First Amended Complaint Is The Operative Complaint As To A Requested Default Judgment Against Defendant Leavells.**

In *International Controls Corp. v. Vesco*, 556 F.2d 665 (2nd Cir. 1977), the Second

Circuit provided guidance as to how to proceed under these circumstances – where a plaintiff

obtains a clerk's entry of default as to a particular defendant on one complaint, but then files an

amended complaint that is required to be served on that defendant under Rule 5(a), but fails to do

so.  In these unusual circumstances, the filing of the Second Amended Complaint does not

supercede the First Amended Complaint as to that defendant unless and until he is properly

served with it.  *Vesco, supra; see also Lucas v. DeSilva Auto Svs*, 2018 WL 1558866 at * 2 (S.D.

Ohio 2018) (Explaining that, under *Vesco*, where an amended "complaint must be personally

served on a particular defendant pursuant to Rule 5(a)(2), the amended complaint does not

supercede the original complaint as to that defendant until personal service is effected.").

The *Vesco* court began by noting that it is "well established that an amended complaint

ordinarily supercedes the original and renders it of no legal effect." *Id*. at 668 (citations

omitted).  It then noted another general rule, that a civil action remains pending in an "inchoate

state" from the time the original complaint is filed until service is completed.  It explained from

there that, [t]his rule implies that an amended complaint, at least one that must be personally

served pursuant to Rule 5(a), is also in an 'inchoate state' until served." *Id.* at 669.  It reasoned

that it "would make little sense" to hold that a complaint in such a state "supercedes a properly

served complaint" because such a holding "would leave a case in a state of suspended animation in the interim between the filing and service of the amended complaint, with the court perhaps even lacking personal jurisdiction." *Id*. It further explained that such a holding would "also introduce a substantial risk factor into a plaintiff's decision whether to amend his complaint. A plaintiff considering amendment would have to evaluate the likelihood that the amended pleading could actually be served on the defendant or defendants. If it appeared that such service on even one defendant would be difficult," the plaintiff "might well have to decide not to file an amended complaint, since failure to serve it would, under the rule urged by appellant, leave the plaintiff, which had once had an effective complaint (the original), without any remaining effective complaint on which it could obtain a judgment." *Id*. The court therefore rejected the appellant's proposed rule and held that where an amended complaint must be personally served on a particular defendant pursuant to Rule 5(a)(2), that amended complaint does not supercede the original complaint as to that particular defendant unless and until personal service is effected.

Here, Reid obtained a Clerk's Entry of Default against Defendant Leavells as to the First Amended Complaint. He later filed a Second Amended Complaint, that was required to be personally served on Defendant Leavells because it contained new or additional claims against him. But Reid failed to serve Defendant Leavells with the Second Amended Complaint. As such, his Second Amended Complaint did not supercede the First Amended Complaint as to Leavells. Reid's First Amended Complaint is the operative complaint as to Defendant Leavells. Reid can still obtain and seek a default judgment as to liability as to Leavells, but only as to the First Amended Complaint.

**C.      Do The Well-Pleaded Allegations As To Defendant Leavells In The First Amended Complaint, Which Are Accepted As True, Establish His Liability For Violating Reid's Fourth Amendment Rights?**

The Court should grant a default judgment as to liability of Leavells only if Reid's well-pleaded allegations are sufficient to support a finding that he is liable for some kind of Fourth Amendment violation of Reid's rights.  In many instances where the Court reviews a motion for default judgment, this is not an issue because the complaint clearly contains sufficient factual allegations, if accepted as true, to establish liability.  Here, that is not the case.

Most of the allegations in the First Amended Complaint are unsupported legal conclusions.  For example, paragraph 10 alleges that "On or about January 6, 2014, Defendants, acting under color of law and as officers of Defendant City of Detroit's Narcotics Unit, conducted an *unlawful raid* of Plaintiff's aforementioned business."  (First Am. Compl. at ¶ 10) (emphasis added).  But there is no explanation as to how or why the search on that date was "unlawful," especially considering that there was a judicially-authorized search warrant that authorized that search.  Paragraph 11 alleges that Defendants "removed, *without lawful authority*, marijuana and other related products of Plaintiff's business," but does not explain how or why that removal was unlawful, given that there was a search warrant and that search warrant expressly authorized the seizure of marijuana and related paraphernalia.  Similarly, paragraph 16 alleges that Defendants "took, *without lawful authority*, a lawfully possessed handgun belonging to Plaintiff Reid."  (*Id*. at ¶ 16) (emphasis added).  Again, it includes a legal conclusion that the gun was taken without lawful authority, without any supporting facts that would explain how or why lawful authority was lacking, especially where the search warrant expressly authorized the seizure of "firearms."

As to Defendant Leavells, his name appears in the case caption and then is referenced in the body of the First Amended Complaint *just once*, in paragraph 18, wherein Reid alleges that Leavells signed the affidavit that was submitted in support of the search warrant issued for the search of Reid's property.  That paragraph alleges that Leavells has faced criminal charges in relation to his role in a criminal conspiracy, but does not allege that those charges stemmed from anything having to do with the search or search warrant at issue in this case.  That's it as to factual allegations pertaining to Leavells.

Accordingly, this Court fails to see how the factual allegations in the First Amended Complaint, even if accepted as true, establish that Leavells is liable for a Fourth Amendment violation of Reid's rights.[2]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Reid's Motion seeking a default judgment against Defendant Leavells is DENIED.


IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 5, 2020

---

[2]The same is not true of Reid's Second Amended Complaint, wherein he added factual allegations that could support liability for a Fourth Amendment violation by Leavells – knowingly falsifying facts in a search warrant affidavit.  That the Second Amended Complaint asserts a viable claim against Leavells but the First Amended Complaint does not shows that the Second Amended Complaint added a new or additional claim for relief.