UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

    Plaintiff,

v.                                     Case No. 18-13681

City of Detroit, *et al.*,             Sean F. Cox
                                                    United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

In this civil action, Plaintiff Justin Reid asserts §1983 claims against the City of Detroit and five of its current or former police officers, alleging that the officers violated his Fourth Amendment rights during the execution of a search warrant at his business premises in January of 2014. He also asserts a *Monell* claim against the City, seeking to hold it liable for those violations.

This matter recently came before the Court on a Motion for Default Judgment filed by Plaintiff, as to Defendant Leavells only. This Court denied that motion in an Opinion and Order issued on October 2, 2020. (*See* ECF No. 117). As explained in it, Plaintiff served Defendant Leavells with the First Amended Complaint ("FAC"), and obtained a Clerk's Entry of Default when that was the operative complaint. Plaintiff later filed a Second Amended Complaint ("SAC"), that included a new claim against Leavells, thereby requiring Plaintiff to serve that amended pleading on Leavells. But Plaintiff failed to do so. The case law reflects that under these circumstances, Plaintiff may only seek a default judgment against Leavells as to the FAC.

1

This Court concludes that pleading, even when all well-pleaded factual allegations as to Leavells are accepted as true, fails to establish that Leavells is liable for violating Plaintiff's Fourth Amendment rights.

The matter is now before the Court on a Motion for Reconsideration, wherein Plaintiff asks the Court to reconsider that ruling. For the reasons set forth below, the Court shall DENY the motion for reconsideration.

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication. Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court concludes that, with respect to Plaintiff's Motions for Reconsideration, neither a response brief nor a hearing is necessary.

In this Court's Opinion and Order denying Plaintiff's motion seeking entry of a default

judgment against Defendant Leavells, this Court explained:

> Rule 5 of the Federal Rules of Civil Procedure governs "Serving and Filing Pleadings and Other Papers." The rule provides that, unless the rules provide otherwise, "a pleading filed after the original complaint" is generally required to be served, "unless the court orders otherwise under Rule 5(c) because there are numerous defendants." Fed. R. Civ. P. 5(a)(1)(B). The rule expressly provides:
>
>> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. *But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.*
>
> Fed. R. Civ. P. 5(a)(2) (emphasis added). Thus, if an amended complaint contains "new or additional claims for relief" against a party in default, then Rule 5(a) requires personal service of that amended pleading pursuant to Rule 4. *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982); 4B Fed. Prac. & Proc. Civ. § 1144 *Appearance a Prerequisite for Service* (4th ed.) (Explaining that under the second sentence of Rule 5(a)(2), a party who is in default for failure to appear is entitled to receive a pleading asserting new or additional claims against him and "it must be served on him under Rule 4 as if it were original process."); *D'Angelo v. Potter*, 221 F.R.D. 289, 291 (Explaining that under Rule 5, a plaintiff has no legal obligation to serve an amended pleading on a defaulted defendant "except for an amended complaint that contains new or altered claims for relief.").

(ECF No. 117 at 9). This Court then reviewed and compared Plaintiff's FAC and his SAC, in order to determine if the SAC contains a new or additional claim against Defendant Leavells:

> In this case, Reid asserts § 1983 civil rights claims against several officers, including Leavells. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violation of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (emphasis in original).
> A comparison of the First and Second Amended Complaints shows that

3

the Second Amended Complaint contains new or additional claims against Defendant Leavells.

In the First Amended Complaint, Reid alleged that the "Defendant-Officers" did various things during the execution of a search warrant in January of 2014, without specifying which officers did them. As to Defendant Leavells, the First Amended Complaint lists him in the caption and then references him by name just once:

> 18. Plaintiffs recently obtained an affidavit in support of a search warrant for their premises (though Plaintiffs were never shown a copy of same) that was signed by Arthur Leavells who was criminally indicted and pled guilty for his role in a conspiracy to rob legitimately operated marijuana grow and distribution facilities in and around the City of Detroit.

(ECF no. 19 at PageID.223). Thus, that paragraph alleges that: 1) Leavells signed the affidavit that was used to obtain the search warrant at issue in this case; and 2) that Leavells was charged with, and plead guilty to, being involved in a conspiracy that is not alleged to have any connection to the search at issue in this case.

In the Second Amended Complaint, Reid then included – for the first time – factual allegations specific to the alleged wrongful conduct of Defendant Leavells:

> 21. Defendant Leavells falsely testified to facts in the affidavit in support of the search warrant of Plaintiff's business. In particular, Defendant Leavells provided false testimony regarding information he alleges he received from a source of information ("SOI 2499") and otherwise fabricated the bases of probable cause by falsely testifying as to a controlled buy between SOI 2499 and a "seller" at Plaintiff's business.

(Sec. Am. Compl. at ¶ 21). Those factual allegations as to Defendant Leavells were not included in the First Amended Complaint. Thus, the Second Amended Complaint contains a new or additional claim against Defendant Leavells – that Leavells violated Reid's constitutional rights by falsely swearing to an affidavit that was used to obtain a search warrant for Plaintiff's property.

(ECF No. 117 at 9-10). Accordingly, because Plaintiff did not serve the SAC on Defendant Leavells, his request for a default judgment stating that he is liable for the factual allegations set

forth in the SAC was denied by this Court.

In seeking reconsideration of this Court's rulings, Plaintiff asserts this Court erred because "Plaintiff's First and Second Amended Complaints asserted only one and the same claim against Defendant Leavells for a Fourth Amendment violation." (Pl.'s Br. at PageID.4471). That is, Plaintiff asserts that "the claim asserted against Defendant Leavells was the *same exact claim* in the SAC as it was in the FAC." (*Id*. at 2) (emphasis added). Plaintiff bases this argument on the fact that both complaints include a count titled, "Fourth Amendment Violation," that was asserted against all of the individual Defendants.

Plaintiff attempts to characterize the factual allegation in the SAC that Leavells "falsely testified to facts in the affidavit in support of the search warrant" as "*additional* factual support" for the Fourth Amendment claim asserted against Leavells in the FAC. This argument misses the point that Plaintiff's FAC included no factual allegations that could support a Fourth Amendment claim against Leavells.

It is Plaintiff's position that: 1) he could file and serve a complaint that includes an overarching count titled, "Fourth Amendment Violation" asserted against numerous individual Defendants, without including any factual allegations that would support such a claim against a given Defendant such as Leavells; 2) later file an amended complaint that then includes factual allegations against that defendant that could subject him to liability; 3) not serve that Defendant with that amended pleading; and 4) nevertheless obtain a default judgment against that Defendant based on the factual allegations in that amended pleading.

Plaintiff's position would entirely undermine the rationale behind Fed. R. Civ. P. 5(a). As explained by the Eleventh Circuit:

5

> Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him. Formal personal service impresses upon a defendant that judicial process has been invoked to effect a coercive remedy against him. Whether the notice be that an action has commenced or that the moving party has added a new or additional claim for relief against a party in default for failure to appear, the need for notice is the same.

*Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada,* 674 F.2d 1365, 1368 (11th Cir. 1982). With the new information provided in an amended pleading, a defaulted defendant is then able to make strategy decisions about how to proceed. "The defendant is entitled to make these strategy decisions following notice of the new or additional claim for relief, irrespective of whether upon hindsight plaintiff has actively pursued that claim. To facilitate this process Rule 5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint asserts a new or additional claim for relief." *Id*. at 1369.

In his motion, Plaintiff states that this "Court seems to suggest that any 'new information provided in an amended pleading' would trigger" a plaintiff's duty to serve a defaulted defendant with an amended pleading. (Pl.'s Br. at 3). That is not so. As explained in this Court's Opinion and Order, the FAC that Leavells was served with does not state a Fourth Amendment claim against Leavells. That the SAC included new factual allegations as to Leavells such that it, for the first time, now asserts a Fourth Amendment claim against him shows that the new pleading added a new or additional claim against Leavells. Because of that, Plaintiff was required to serve that SAC on Leavells if he wanted to obtain a default judgment against Leavells that was based on the allegation set forth in it. Otherwise, absent having served Leavells with the SAC, Plaintiff is left to pursue a default judgment against Leavells based on the allegations in the FAC.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2020

s/Sean F. Cox
Sean F. Cox
United States District Judge