UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

    Plaintiff,

v.                                                                         Case No. 18-13681

City of Detroit, *et al.*,                                      Sean F. Cox
                                                                           United States District Court Judge

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## SECOND MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY
## AGAINST DEFENDANT LEAVELLS AND
## HIS MOTION TO FILE EXHIBITS IN TRADITIONAL MANNER

In this § 1983 action, Plaintiff filed a motion seeking a default judgment as to liability as to Defendant Arthur Leavells only. This Court denied that motion in an Opinion and Order and later denied Plaintiff's motion seeking reconsideration of that ruling. The matter is now before the Court on a second motion filed by Plaintiff asking this Court to rule that Leavells is liable for violating his Fourth Amendment rights based on the well-pleaded factual allegations in his operative pleading. The Court concludes that a hearing is not necessary and orders that the motion will be decided without a hearing. As explained below, the motion is DENIED as untimely and for lack of merit. This Court has now considered, for a third time, whether the well-pleaded allegations in the operative complaint are sufficient to impose liability on Leavells for a violation of Reid's Fourth Amendment rights and still concludes that they are not.

**BACKGROUND**

In this civil action, Plaintiff Justin Reid asserts §1983 claims against the City of Detroit and five of its current or former police officers, alleging that the officers violated his Fourth Amendment rights during the execution of a search warrant at his business premises.

The original complaint in this case was filed on November 26, 2018. A First Amended Complaint was filed on March 28, 2019. (ECF No. 19).

As to Defendant Leavells, Plaintiff filed a motion seeking to serve him with the First Amended Complaint by substituted service by publication. This Court granted that motion and Plaintiff later filed a Certificate of Service indicating that Leavells had been served with the First Amended Complaint via publication.

Plaintiff requested a Clerk's Entry of Default on September 10, 2019, and a Clerk's Entry of Default was issued as to Defendant Leavells on September 11, 2019.

Plaintiff did not seek a default judgment against Leavells during the months of September, October, or November of 2019.

On December 1, 2019, following a ruling on a Motion to Dismiss, Plaintiff filed a Second Amended Complaint. It is undisputed that Plaintiff did not serve Defendant Leavells with the Second Amended Complaint.

On May 25, 2020, shortly before the deadline for filing *all motions* in this case, Plaintiff filed a motion seeking a default judgment against Leavells.

On October 5, 2020, this Court denied that motion in an Opinion and Order. (*See* ECF No. 117). As explained in it, Plaintiff served Defendant Leavells with the First Amended Complaint, and obtained a Clerk's Entry of Default when that was the operative complaint.

Plaintiff later filed a Second Amended Complaint, that included a new claim against Leavells, thereby requiring Plaintiff to serve that amended pleading on Leavells. But Plaintiff failed to do so. The case law reflects that under these circumstances, Plaintiff may only seek a default judgment against Leavells as to the First Amended Complaint. This Court concludes that the First Amended Complaint, even when all well-pleaded factual allegations as to Leavells are accepted as true, fails to establish that Leavells is liable for violating Plaintiff's Fourth Amendment rights.

On October 7, 2020, Plaintiff filed a Motion for Reconsideration, wherein Plaintiff asked the Court to reconsider that ruling. (ECF No. 118). This Court denied Plaintiff's Motion for Reconsideration in an Order issued on November 16, 2020. (ECF No. 122).

On November 25, 2010, Plaintiff filed a new motion seeking a default judgment against Defendant Leavells as to liability, without seeking leave to do so. (ECF No. 125). In support of that motion, Plaintiff filed fifteen exhibits.

Plaintiff also filed an "Ex Parte Motion For Leave To File Exhibit In The Traditional Manner" (ECF N. 126), asking to file documents from a criminal case (a 24-page plea agreement and a 90-page jury trial transcript) in the traditional manner.

## ANALYSIS

I. **Plaintiff's November 25, 2020 Motion Is Denied As Untimely.**

The deadline for filing any motions in this case was June 15, 2020. Although Plaintiff Reid received a Clerk's Entry of Default as to Defendant Leavells on September 11, 2019, he did not file a motion seeking a default judgment against Defendant Leavells until shortly before that deadline.

This Court denied Reid's motion seeking a default judgment against Defendant Leavells in an Opinion and Order issued on October 5, 2020. This Court did not deny the motion without prejudice.

Reid then filed a Motion for Reconsideration, which this Court denied in an Order issued on November 16, 2020.

Reid's November 25, 2020 motion – filed some *five months* after the deadline for filing any motions in this case – is untimely. As such, the Court concludes that the motion should be denied on that basis.

## II.   Moreover, Even If Plaintiff Had Timely Filed The Motion, This Court Would Deny It For Lack Of Merit.

In his untimely motion, Reid asks this Court to enter a default judgment as to liability against Defendant Leavells, based upon the allegations in Reid's First Amended Complaint. Even if Reid had timely filed this motion, the Court would deny it for lack of merit.

Pursuant to Fed. R. Civ. P. 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Here, a Clerk's Entry of Default was issued as to Defendant Leavells on September 11, 2019, after he failed to answer Reid's First Amended Complaint.

Reid appears to be believe that he is entitled to a default judgment as to liability simply because he obtained a clerk's entry of default as to Leavells. (*See* ECF No. 125 at PageID.4629, presenting one question presented – whether the Court should enter a default judgment as to liability against Leavells "where the Clerk entered default against Leavells and he has failed to appear or otherwise defend this action?", and at PageID.4635, arguing "[t]he issue of liability as to Defendant Leavells is no longer in dispute given his default in this matter.").

4

It is well-established, however, that the liability of a defendant in a civil action is not established simply by virtue of a clerk's entry of default against that defendant. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil, 2688.1. That is because "[u]pon entry of default, only those well-pleaded allegations relating to liability are taken as true." *In re Family Resorts of America, Inc.*, 1992 WL 174539 at *4 (6th Cir. 1992); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Once a default has been entered by the Clerk's Officer," only a plaintiff's well-pleaded factual allegations are deemed admitted.)

After a default, it remains the district court's responsibility to determine whether the well-pleaded factual allegations in the complaint at issue are sufficient to establish a defendant's liability. *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *United States v. $525,695.24 Seized from JPMorgan Chase*, 869 F.3d 429, 441 (6th Cir. 2017); Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2688 ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.")

This Court explained this applicable standard in its Opinion & Order denying Reid's first motion for default judgment as to Leavells. (10/5/20 Opinion & Order at 7). This Court then noted:

> Reid's motion acknowledges this applicable standard. (*See* Pl.'s Br. at ii-iii). But his motion and brief fail to explain how the well-pleaded allegations against Defendant Leavells establish his liability for any § 1983 claim asserted against him. Rather than focus on the actual allegations asserted against Leavells (in either the First or Second Amended Complaints), Reid's motion attaches and relies on matters outside of the pleadings: 1) a plea agreement that Leavells entered into in a criminal case not related to this action; and 2) some trial testimony of Leavells in a criminal trial against others.

(*Id*.). This Court explained that none of that comes into play in evaluating whether Reid's well-

pleaded factual allegations in the operative complaint in this case are sufficient to establish liability for any Fourth Amendment claim asserted against Leavells. (*Id.*).

In his November 25, 2020 motion, Reid asks this Court to rule that Leavells is liable for violating this Fourth Amendment rights based on the well-pleaded factual allegations in his First Amended Complaint. Again, however, Reid does not address the factual allegations in the operative pleading and attempt to show that they are sufficient to impose liability upon Leavells for a Fourth Amendment violation of Reid's rights. Rather, Reid again directs the Court to matters outside of the pleadings, such as filings from other cases.

This Court's October 5, 2020 Opinion and Order carefully considered whether the well-pleaded factual allegations in Reid's First Amended Complaint are sufficient to establish liability for any Fourth Amendment claim asserted against Leavells. (10/5/20 Opinion & Order at 14-15). This Court continues to conclude that the allegations in that pleading are insufficient to establish liability as to Leavells. As such, even if the pending motion had been timely filed by Reid, it would be denied for lack of merit.

## CONCLUSION

Accordingly, IT IS ORDERED that Reid's November 25, 2020 Motion (ECF No. 125) is DENIED.

IT IS FURTHER ORDERED that Reid's motion seeking to file exhibits to that motion in the traditional manner (ECF No. 126) is DENIED, as the exhibits he seeks to file in the traditional manner have no bearing on the issue addressed in the motion.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: December 2, 2020