UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

    Plaintiff,

v.                                                          Case No. 18-13681

City of Detroit, *et al.*,                          Sean F. Cox
                                                   United States District Court Judge

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HIS CLAIM AGAINST DEFENDANT LEAVELLS SHOULD NOT BE DISMISSED

This § 1983 case is currently before the Court on Plaintiff's Motion for Reconsideration, that seeks reconsideration of the Court's rulings in its Opinion and Order granting in part, and denying in part, a summary judgment motion filed by the City of Detroit and several of its officers. For the reasons that follow, the Court shall deny the motion. In addition, under the unique circumstances presented here, the Court shall also order Plaintiff to show cause why his claim against Defendant Arthur Leavells should not be dismissed for failure to state a claim.

### BACKGROUND

In this civil action, Plaintiff Justin Reid asserted §1983 claims against the City of Detroit and five of its current or former police officers, alleging that the officers violated his Fourth Amendment rights during the execution of a search warrant at his business premises in January of 2014. He also asserted a *Monell* claim against the City, seeking to hold it liable for those violations.

**Rulings As To Defendant Leavells**

Shortly before the deadline for filing motions in this case, Plaintiff filed a motion seeking a default judgment against Defendant Arthur Leavells only. This Court denied that motion in an Opinion and Order issued on October 2, 2020. (*See* ECF No. 117). As explained in it, Plaintiff served Defendant Leavells with the First Amended Complaint ("FAC"), and obtained a Clerk's Entry of Default back on September 11, 2019, when that was the operative complaint. Plaintiff later filed a Second Amended Complaint ("SAC"), that included a new claim against Leavells, thereby requiring Plaintiff to serve that amended pleading on Leavells. But Plaintiff failed to do so. The case law reflects that under these circumstances, Plaintiff may only proceed as to that claim, and therefore, may only seek a default judgment against Leavells as to the FAC. This Court concluded that pleading, even when all well-pleaded factual allegations as to Leavells are accepted as true, fails to establish that Leavells is liable for violating Plaintiff's Fourth Amendment rights. As such, this Court denied Plaintiff's motion seeking a default judgment against Leavells.

This Court also denied "Plaintiff's Ex Parte Motion For Reconsideration Of Opinion And Order Denying Plaintiff's Motion For Default Judgment As To Defendant Arthur Leavells" (ECF No. 118) and Plaintiffs' "Renewed Ex Parte Motion For Default Judgment As To Liability Against Defendant Arthur Leavells Only" (ECF No. 125) (*See* ECF Nos. 122 and 127). In doing so, this Court noted that is "has now considered, for a third time, whether the well-pleaded allegations in the operative complaint are sufficient to impose liability on Leavells for a violation of Reid's Fourth Amendment rights and still concludes that they are not." (ECF No. 127 at PageID.4888).

**Summary Judgment Rulings As To Remaining Defendants**

In an Opinion and Order issued on December 2, 2020, this Court ruled on a Summary Judgment Motion filed by the remaining Defendants. (ECF No. 128). This Court granted that motion in part and denied it in part. The Court granted the motion to the extent that it ruled that "Defendants Geelhood, Tourville, Riley, and Bray are entitled to qualified immunity with respect to all claims asserted against them, with the exception of the Fourth Amendment excessive force claim asserted against Defendant Bray." (*Id*. at 1).

The Court also ruled that the City of Detroit was entitled to summary judgment as to the *Monell* liability count asserted against it, noting that Plaintiff "must show that the City was the moving force behind the injury to have been caused by Bray's conduct in allegedly using excessive force." (*Id*. at 27). The Court found Plaintiff failed to do so, explaining that Plaintiff "does not attempt to establish that the alleged excessive force committed by Defendant Bray can be attributed to the City via an inaction theory of *Monell* liability. Rather, Plaintiff's brief is devoted to attempting to show that he can proceed with a *Monell* claim against the City because the City knew or should have known about corruption and theft relating to the execution of search warrants. Plaintiff makes no reference to the City having actual or constructive notice as to excessive force being used by its officers." (*Id*. at 28).

Given the rulings in the prior opinions and orders pertaining to Defendant Leavells (i.e., that Plaintiff could only proceed with the claim against Leavells asserted in the FAC, and that claim failed to state a viable claim against Leavells), and the summary judgment rulings the Court was making, this Court noted that "the Fourth Amendment excessive force claim asserted against Defendant Bray alone shall proceed to a jury trial." (*Id*. at 2).

**Plaintiff's Motion For Reconsideration Of This Court's Summary Judgment Rulings**

Following this Court's rulings on the above summary judgment motion, Plaintiff filed a timely Motion for Reconsideration of those rulings. (ECF No. 131).

## STANDARD OF DECISION

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication. Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling. *Bank of Ann Arbor v. Everest Nat. Ins. Co.,* 562 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). "Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where the evidence could have been presented earlier." *Id.*

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court

concludes that, with respect to Plaintiff's Motion for Reconsideration, neither a response brief nor a hearing is necessary.

## ANALYSIS

In his Motion for Reconsideration, Plaintiff asserts that this Court erred in several respects when ruling on the summary judgment motion filed by the City of Detroit and Defendants Geelhood, Tourville, Riley, and Bray.

**I.  Did The Court Err By Failing To Recognize The "Continued Validity" Of Plaintiff's Fourth Amendment Claim Against Defendant Leavells?**

The central claim raised in Plaintiff's motion is that this Court erred by failing to recognize the "continued validity" of Plaintiff's Fourth Amendment claim against Defendant Leavells.

In making this argument, Plaintiff states that the "crux of Plaintiff's Complaint is based on the allegation that Defendant Leavells *falsified his search warrant* in order to establish probable cause" to conduct the search at issue in this case. (Pl.'s Br. at 1) (emphasis added) (directing the Court to *Plaintiff's SAC*). Plaintiff is under the mistaken impression that the claim against Leavells asserted in his SAC will proceed to a jury trial along with the excessive force against Bray.[1] That is simply not the case.

The claim that Leavells violated Plaintiff's Fourth Amendment rights by falsifying his search warrant affidavit was not included in Plaintiff's FAC that was served on Defendant Leavells. Rather, that claim was not asserted until Plaintiff filed his SAC and that complaint was never served on Defendant Leavells. As such, Plaintiff cannot proceed to trial on that claim.

---

[1]Plaintiff also contends he should therefore be allowed to pursue a *Monell* claim against the City at trial, in light of his claim against Leavells.

That is because, as to Defendant Leavells, the operative complaint is Plaintiff's FAC.

And notably, this Court has determined that Plaintiff's First Amended Complaint, even when all well-pleaded factual allegations are deemed admitted, fails to state a viable claim against Leavells. Because this Court has ruled that the operative complaint as to Leavells fails to state a claim against him, and the time for filing another amended complaint in this action has long since passed, this Court concludes that Plaintiff cannot proceed to trial on that claim either.

Entry of a default judgment is only warranted when there is a sufficient basis in the pleadings for a judgment against the defendant at issue. That is because a "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.,* 775 F.3d 689, 695 (5th Cir. 2015) (stating in the context of a motion for default judgment, 'whether a factual allegation is well-pleaded arguably follows the familiar analysis used to evaluate motions to dismiss under Rule 12(b)(6).')." *Surtain v. Hamlin, Terrance Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015).

In denying Plaintiff's motions seeking a default judgment against Defendant Leavells, this Court conducted that analysis and concluded that Plaintiff's FAC does not state a viable Fourth Amendment claim against Defendant Leavells.

Although there is not a great deal of authority on how to further proceed under such circumstances (i.e., when the Court has denied a motion for default judgment because the operative complaint fails to state a viable claim against the defendant at issue), the cases this Court has located reflect two potential options. First, the Court may deny the motion for default

without prejudice, the plaintiff may file an amended complaint attempting to correct any pleading deficiencies, and then the court may revisit a request for a default judgment if appropriate. Alternatively, having found that the plaintiff's complaint fails to state a viable claim against the defendant, the district court may dismiss the claim. *See, e.g., Maerguerita Quire v. Detective Christopher Smith*, 2021 WL 630894 (S.D. Fla. Feb. 9, 2021).

Here, although Plaintiff obtained a clerk's entry of default against Leavells back on September 11, 2019, Plaintiff did not file a motion seeking a default judgment against Leavells until shortly before the motion deadline in this case. As a result, the time permitted for filing a motion seeking leave to file a third amended complaint has long since passed. Thus, the first option is not possible in this particular case.

Given this Court's ruling that Plaintiff's FAC fails to state a viable claim against Defendant Leavells, the Court concludes that Plaintiff cannot proceed to trial on his claim against Leavells. As such, the Court finds these challenges in Plaintiff's motion for reconsideration to be without merit and rejects them.

That said, Plaintiff has raised a valid point that, until expressly dismissed by this Court, Plaintiff's claim against Leavells will remain pending in this action. (*See* Pl.'s Br. at 6 n.2) ("As it stands now, any judgment entered against Defendant Bray at the conclusion of a trial would still be a non-final order given that Plaintiff's claims against Defendant Leavells would still remain pending and unresolved."). Under these unusual circumstances, the Court shall order Plaintiff to show cause, in writing, why his claim against Defendant Leavells set forth in Plaintiff's First Amended Complaint should not be dismissed. *See, e.g. Estate of Abdullah ex rel. Carswall v. Arena*, 601 F. App'x 389 (6th Cir. 2015)(Affirming district court's *sua sponte*

7

dismissal of claims where the district court gave the plaintiff notice of its intent to dismiss claims via a show cause order, gave the plaintiff the opportunity to respond prior to the dismissal, and then issued an opinion dismissing the claims). In this regard, Plaintiff should endeavor to provide the Court with on-point legal authority that establishes that Plaintiff can proceed to trial on his claim against Leavells – despite this Court having found that Plaintiff's operative complaint as to Leavells fails state a viable claim against Leavells. Plaintiff's show cause response shall be *limited to this narrow issue.*

**II.      Did The Court Err By Overlooking Evidence?**

Plaintiff also asserts that this Court erred in addressing the claims asserted against Defendants Geelhood, Tourville, Bray, and Riley by not discussing or referencing the evidence presented by Plaintiff concerning Leavells's testimony in a criminal case, that related to searches *other than* the search at issue in this case. The Court rejects this argument as a discussion of that evidence was not necessary as to the Court's analysis.

**III.     Did The Court Err By Concluding That Plaintiff Could Not Assert A New Claim At The Summary Judgment Phase?**

Plaintiff also contends that this Court erred by concluding that Plaintiff could not assert a new claim at the summary judgment phase of the case. Plaintiff contends that it was not necessary for him to style his claim as a "knock and announce claim." But this Court's ruling was not based upon Plaintiff's failure to include a separate count titled as a failure-to-knock-and-announce claim. Rather, this Court concluded that Plaintiff was attempting to assert a new claim at the summary judgment phase because Plaintiff's Second Amended Complaint failed to include factual allegations that would be necessary to assert such a claim. (*See* 12/2/20 Opinion and Order at 25) ("In response to Defendants' motion, Plaintiff now seeks to assert a new claim –

that the officers violated his Fourth Amendment rights by failing to knock and announce their presence at the time of the execution of the search warrant. (Pl.'s Br. at 7). Plaintiff does not direct the Court to anywhere in his Second Amended Complaint where these allegations were made."). The Court therefore rejects this challenge.

The remaining arguments in Plaintiff's motion have already been made to, and rejected by, this Court or could have been raised but were not. Such arguments do not warrant reconsideration.

In sum, the Court finds Plaintiff's Motion for Reconsideration to be without merit and it shall be denied.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**

Under these unusual circumstances, the Court also **ORDERS PLAINTIFF TO SHOW CAUSE, in writing, no later than May 3, 2021**, why his operative claim against Defendant Leavells, set forth in Plaintiff's First Amended Complaint, should not be dismissed. In this regard, Plaintiff should endeavor to provide the Court with on-point legal authority that establishes that Plaintiff can proceed to trial on his claim against Leavells – despite this Court having found that Plaintiff's operative complaint as to Leavells fails state a viable claim against Leavells. Plaintiff's show cause response shall be **limited to that narrow issue and shall be no more than ten (10) pages.**

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 13, 2021

9