UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

    Plaintiff,

v.                                                                   Case No. 18-13681

City of Detroit, *et al.*,                                  Sean F. Cox
                                                         United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER
## DISMISSING PLAINTIFF'S CLAIM AGAINST DEFENDANT LEAVELLS

This § 1983 case recently came before the Court on Plaintiff's Motion for Reconsideration, that seeks reconsideration of the Court's rulings in its Opinion and Order granting in part, and denying in part, a summary judgment motion filed by the City of Detroit and several of its officers. This Court denied that motion. In addition, the Court also ordered Plaintiff to show cause why his claim against Defendant Arthur Leavells, under the unique circumstances presented here, should not be dismissed for failure to state a claim. Having carefully reviewed Plaintiff's response, this Court concludes that the appropriate course of action is for the Court to dismiss Plaintiff's claim against Defendant Leavells without prejudice, because the operative complaint as to Leavells (Plaintiff's First Amended Complaint) fails to state a viable claim against him and the time permitted for filing another amended complaint in this case has passed.

**BACKGROUND**

In this civil action, Plaintiff Justin Reid asserted §1983 claims against the City of Detroit

1

and five of its current or former police officers, alleging that the officers violated his Fourth Amendment rights during the execution of a search warrant at his business premises in January of 2014. He also asserted a *Monell* claim against the City, seeking to hold it liable for those violations.

### Rulings As To Defendant Leavells

Shortly before the deadline for filing motions in this case, Plaintiff filed a motion seeking a default judgment against Defendant Arthur Leavells only. This Court denied that motion in an Opinion and Order issued on October 2, 2020. (*See* ECF No. 117). As explained in it, Plaintiff served Defendant Leavells with the First Amended Complaint ("FAC"), and obtained a Clerk's Entry of Default back on September 11, 2019, when that was the operative complaint. Plaintiff later filed a Second Amended Complaint ("SAC"), that included a new claim against Leavells, thereby requiring Plaintiff to serve that amended pleading on Leavells. But Plaintiff failed to do so. The case law reflects that under these circumstances, Plaintiff may only proceed as to that claim, and therefore, may only seek a default judgment against Leavells as to the FAC. This Court concluded that pleading, even when all well-pleaded factual allegations as to Leavells are accepted as true, fails to establish that Leavells is liable for violating Plaintiff's Fourth Amendment rights. As such, this Court denied Plaintiff's motion seeking a default judgment against Leavells.

This Court also denied "Plaintiff's Ex Parte Motion For Reconsideration Of Opinion And Order Denying Plaintiff's Motion For Default Judgment As To Defendant Arthur Leavells" (ECF No. 118) and Plaintiffs' "Renewed Ex Parte Motion For Default Judgment As To Liability Against Defendant Arthur Leavells Only" (ECF No. 125) (*See* ECF Nos. 122 and 127). In doing

so, this Court noted that is "has now considered, for a third time, whether the well-pleaded allegations in the operative complaint are sufficient to impose liability on Leavells for a violation of Reid's Fourth Amendment rights and still concludes that they are not." (ECF No. 127 at PageID.4888).

**Summary Judgment Rulings As To Remaining Defendants**

In an Opinion and Order issued on December 2, 2020, this Court ruled on a Summary Judgment Motion filed by the remaining Defendants. (ECF No. 128). This Court granted that motion in part and denied it in part. The Court granted the motion to the extent that it ruled that "Defendants Geelhood, Tourville, Riley, and Bray are entitled to qualified immunity with respect to all claims asserted against them, with the exception of the Fourth Amendment excessive force claim asserted against Defendant Bray." (*Id*. at 1).

The Court also ruled that the City of Detroit was entitled to summary judgment as to the *Monell* liability count asserted against it, noting that Plaintiff "must show that the City was the moving force behind the injury to have been caused by Bray's conduct in allegedly using excessive force." (*Id*. at 27). The Court found Plaintiff failed to do so, explaining that Plaintiff "does not attempt to establish that the alleged excessive force committed by Defendant Bray can be attributed to the City via an inaction theory of *Monell* liability. Rather, Plaintiff's brief is devoted to attempting to show that he can proceed with a *Monell* claim against the City because the City knew or should have known about corruption and theft relating to the execution of search warrants. Plaintiff makes no reference to the City having actual or constructive notice as to excessive force being used by its officers." (*Id*. at 28).

Given the rulings in the prior opinions and orders pertaining to Defendant Leavells (i.e.,

3

that Plaintiff could only proceed with the claim against Leavells asserted in the FAC, and that claim failed to state a viable claim against Leavells), and the summary judgment rulings the Court was making, this Court noted that "the Fourth Amendment excessive force claim asserted against Defendant Bray alone shall proceed to a jury trial." (*Id*. at 2).

**Plaintiff's Motion For Reconsideration Of This Court's Summary Judgment Rulings and This Court's Ruling And Show Cause Order**

Following this Court's rulings on the above summary judgment motion, Plaintiff filed a timely Motion for Reconsideration of those rulings. (ECF No. 131).

This Court denied that motion in an Order that also ordered Plaintiff to show cause why, under the unusual circumstances presented here, his claim against Leavells should not be dismissed for failure to state a claim:

> For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**
> Under these unusual circumstances, the Court also **ORDERS PLAINTIFF TO SHOW CAUSE, in writing, no later than May 3, 2021**, why his operative claim against Defendant Leavells, set forth in Plaintiff's First Amended Complaint, should not be dismissed. In this regard, Plaintiff should endeavor to provide the Court with on-point legal authority that establishes that Plaintiff can proceed to trial on his claim against Leavells – despite this Court having found that Plaintiff's operative complaint as to Leavells fails state a viable claim against Leavells. Plaintiff's show cause response shall be **limited to that narrow issue and shall be no more than ten (10) pages.**

(ECF No. 139 at 9). The body of the Order stated, in pertinent part:

> The central claim raised in Plaintiff's motion is that this Court erred by failing to recognize the "continued validity" of Plaintiff's Fourth Amendment claim against Defendant Leavells.
> In making this argument, Plaintiff states that the "crux of Plaintiff's Complaint is based on the allegation that Defendant Leavells *falsified his search warrant* in order to establish probable cause" to conduct the search at issue in this case. (Pl.'s Br. at 1) (emphasis added) (directing the Court to *Plaintiff's SAC*). Plaintiff is under the mistaken impression that the claim against Leavells asserted in his SAC will proceed to a jury trial along with the excessive force against Bray.

4

That is simply not the case.

The claim that Leavells violated Plaintiff's Fourth Amendment rights by falsifying his search warrant affidavit was not included in Plaintiff's FAC that was served on Defendant Leavells. Rather, that claim was not asserted until Plaintiff filed his SAC and that complaint was never served on Defendant Leavells. As such, Plaintiff cannot proceed to trial on that claim. That is because, as to Defendant Leavells, the operative complaint is Plaintiff's FAC.

And notably, this Court has determined that Plaintiff's First Amended Complaint, even when all well-pleaded factual allegations are deemed admitted, fails to state a viable claim against Leavells. Because this Court has ruled that the operative complaint as to Leavells fails to state a claim against him, and the time for filing another amended complaint in this action has long since passed, this Court concludes that Plaintiff cannot proceed to trial on that claim either.

Entry of a default judgment is only warranted when there is a sufficient basis in the pleadings for a judgment against the defendant at issue. That is because a "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.,* 775 F.3d 689, 695 (5th Cir. 2015) (stating in the context of a motion for default judgment, 'whether a factual allegation is well-pleaded arguably follows the familiar analysis used to evaluate motions to dismiss under Rule 12(b)(6).')." *Surtain v. Hamlin, Terrance Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015).

In denying Plaintiff's motions seeking a default judgment against Defendant Leavells, this Court conducted that analysis and concluded that Plaintiff's FAC does not state a viable Fourth Amendment claim against Defendant Leavells.

Although there is very limited authority on how to further proceed under such circumstances (i.e., when the Court has denied a motion for default judgment because the operative complaint fails to state a viable claim against the defendant at issue), the cases this Court has located reflect two potential options. First, the Court may deny the motion for default without prejudice, the plaintiff may file an amended complaint attempting to correct any pleading deficiencies, and then the court may revisit a request for a default judgment if appropriate. Alternatively, having found that the plaintiff's complaint fails to state a viable claim against the defendant, the district court may dismiss the claim. *See, e.g., Maerguerita Quire v. Detective Christopher Smith*, 2021 WL 630894 (S.D. Fla. Feb. 9, 2021).

Here, although Plaintiff obtained a clerk's entry of default against Leavells back on September 11, 2019, Plaintiff did not file a motion seeking a default judgment against Leavells until shortly before the motion deadline in this case. As a result, the time permitted for filing a motion seeking leave to file a third amended complaint in this case has long since passed. Thus, the first option is not possible in this particular case.

5

> Given this Court's ruling that Plaintiff's FAC fails to state a viable claim against Defendant Leavells, the Court concludes that Plaintiff cannot proceed to trial on his claim against Leavells. As such, the Court finds these challenges in Plaintiff's motion for reconsideration to be without merit and rejects them.
> That said, Plaintiff has raised a valid point that, until expressly dismissed by this Court, Plaintiff's claim against Leavells will remain pending in this action. (*See* Pl.'s Br. at 6 n.2) ("As it stands now, any judgment entered against Defendant Bray at the conclusion of a trial would still be a non-final order given that Plaintiff's claims against Defendant Leavells would still remain pending and unresolved."). Under these unusual circumstances, the Court shall order Plaintiff to show cause, in writing, why his claim against Defendant Leavells set forth in Plaintiff's First Amended Complaint should not be dismissed. *See, e.g. Estate of Abdullah ex rel. Carswall v. Arena*, 601 F. App'x 389 (6th Cir. 2015)(Affirming district court's *sua sponte* dismissal of claims where the district court gave the plaintiff notice of its intent to dismiss claims via a show cause order, gave the plaintiff the opportunity to respond prior to the dismissal, and then issued an opinion dismissing the claims). In this regard, Plaintiff should endeavor to provide the Court with on-point legal authority that establishes that Plaintiff can proceed to trial on his claim against Leavells – despite this Court having found that Plaintiff's operative complaint as to Leavells fails state a viable claim against Leavells. Plaintiff's show cause response shall be *limited to this narrow issue.*

(*Id*. at 5 to 8).

## ANALYSIS

Having reviewed Plaintiff's response, the Court concludes that the appropriate course of action under these unique circumstances is to dismiss Plaintiff's claim against Defendant Leavells without prejudice because the time for filing an amended complaint in this case has passed and the operative complaint as to Leavells fails to state a viable claim against him.

Plaintiff has not directed this Court to any on-point legal authority that establishes that Plaintiff can proceed to trial on his claim against Leavells – despite this Court having found that Plaintiff's operative complaint as to Leavells fails state a viable claim against Leavells.

Rather, Plaintiff continues to argue that, even if the FAC fails to state a claim against Leavells, he can proceed with the claim asserted against Leavells in the SAC. (*See* ECF No. 140

6

at 2-3) (Arguing that "[a]lthough Plaintiff disagrees with the Court's conclusion that his FAC failed to state a cognizable Fourth Amendment claim, Plaintiff had already moved for, and was granted, leave to file his Second Amended Complaint ('SAC') which cured any potential defect insofar as stating a cognizable Fourth Amendment claim against defaulted Defendant Leavells."). Again, however, Plaintiff never served the SAC on Leavells.

Plaintiff appears to believe that, despite this Court having made a legal ruling that the operative complaint against Leavells fails to state a claim against Leavells, Plaintiff can simply proceed to trial and present proofs. (*See* Pl.'s Br. at 4) ("Plaintiff asserts that the appropriate course of action is to allow Plaintiff to proceed on his claim against defaulted Defendant Leavells by way of proofs at trial."). The Court disagrees.

To the extent that Plaintiff wishes to proceed to a jury trial as to his operative claim against Leavells in Plaintiff's FAC, this Court has already ruled that pleading fails to state a claim against Leavells. This Court is unaware of any authority that would allow a plaintiff to proceed to trial on a claim against a defendant when the Court has already made a ruling that the complaint fails to state a claim against that defendant.

To the extent that Plaintiff wishes to proceed to a jury trial as to the claim asserted against Leavells in the SAC, Plaintiff may not do so because he failed to serve that amended pleading on Leavells.

Accordingly, the Court concludes that, under these unusual circumstances, the appropriate course of action is to dismiss Plaintiff's claim against Defendant Leavells without prejudice because the time for filing an amended complaint in this case has passed and the operative complaint as to Leavells fails to state a viable claim against him.

7

Although this Court ordered that Plaintiff's response to the Show Cause Order was to be limited to the narrow issue presented in it, and Fed. R. Civ. P. 7(b) provides that a "request for a court order must be made by motion," Plaintiff's response brief includes a request that the Court designate any dismissal of Plaintiff's claim against Leavells as a final order under Fed. R. Civ. P. 54(b) so as to allow Plaintiff to immediately appeal that order. (ECF No. 140 at PageID. 5028).

Rule 54(b) represents an exception to the historic federal policy against piecemeal appeals. *In re Fifth Third Early Access Case Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019). "Rule 54(b) is not to be used routinely" "or as a courtesy or accommodation to counsel." *Corrosioneering, Inc. v. Thyssen Env'l Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986). Instead, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.*

Fed. R. Civ. P. 54(b) states that "[w]hen an action presents more than one claim for relief ..., the court may direct entry of a final judgment as to one or more, but fewer than all, claims ... only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Having considered Plaintiff's request, this Court does not believe that this is one of those relatively rare instances where there is no just reason to delay appellate review.

"Determining whether there is no just reason for delay under Rule 54(b) 'requires the district court to balance the needs of the parties against the interests of efficient case management." *In re Fifth Third Early Access Case Advance Litig.*, 925 F.3d 265, 275 (6tth Cir. 2019) (citation omitted). The Sixth Circuit has provided the "following, non-exhaustive list of factors" that district court should consider: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by

future developments in the district court; 3) the possibility that the reviewing court might be obligated to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; 5) miscellaneous factors such as delay, economic and solvency considerations, shortening time of trial, frivolity of competing claims, expense and the like." *Id.*

In support of his request, Plaintiff states that "the Fourth Amendment claim against Defendant Leavells is unique to him alone; that is, he was the affiant of the bogus search warrant in question. As such, the facts relative to Leavells do not overlap with the facts underlying the other defendant-officers." (Pl.'s Show Cause Resp. at 7). Those assertions are contrary to arguments that Plaintiff's counsel has made throughout this case. (*See, e.g.*, Pl.'s Summary Judgment Response Brief at 3, arguing that "Defendants knew about, and actively participated in, the unlawful raid of Plaintiff's business such that they are not entitled to qualified immunity.")

Plaintiff's request also ignores the fact that Plaintiff's complaint seeks to hold the City liable, under the *Monell* count, for any constitutional violations by any of the defendant officers, including Leavells. Thus, this litigation presents a distinct possibility that the reviewing court might be obligated to consider the same issues a second time.

Moreover, the only claim remaining in this action is Plaintiff's excessive force claim against Defendant Bray alone, and that claim should be able to proceed to a jury trial in the near future.

Accordingly, for all of these reasons, the Court denies this request.

## CONCLUSION & ORDER

For the reasons set forth above, the Court ORDERS that Plaintiff's claim against Defendant Leavells in this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request that the Court designate this order as a final order under Fed. R. Civ. P. 54(b) is DENIED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: August 2, 2021