UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Reid,

    Plaintiff,

v.                                      Case No. 18-13681

City of Detroit, *et al.*,           Sean F. Cox
                                            United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER GRANTING
## DEFENDANT BRAY'S MOTION FOR JUDGMENT ON THE PLEADINGS

This § 1983 case is currently before the Court on Defendant Matthew Bray's Motion for Judgment on the Pleadings. The parties have fully briefed the issues and the Court concludes that oral argument is not warranted. Thus, the Court shall decide the motion on the briefs. As explained below, the Court shall GRANT the motion because the sole remaining claim against Defendant Bray, a § 1983 excessive-force claim, is time-barred.

## BACKGROUND

This case is one of several individual actions that were filed after another judge in this district declined to certify a putative class action that asserted § 1983 claims against the City of Detroit, and several of its police officers.

**The *Davis* Case**

In 2015, the Honorable Paul D. Borman was assigned a putative class action (*Davis v. City of Detroit, et al.,* Case No. No. 15-10547 ("the *Davis* Case") that was filed by the two plaintiff attorneys who later filed this case. Judge Borman ultimately declined to certify a class

1

action in the *Davis* Case on August 31, 2018, and this subsequent case is one of several individual cases filed after he did so. Circumstances surrounding the *Davis* Case are relevant to the pending motion before this Court.

On February 11, 2015, Timothy and Hatema Davis filed the *Davis* Case as a putative class action. Matthew Bray was among the Defendants in that case.

The Motion for Class Certification filed in the *Davis* Case asked the district court to "grant class certification of a proposed class of individuals who were subjected to search and/or seizure without probable cause pursuant to the City of Detroit's policy, custom, and/or practice." (ECF No. 88 at PageID.1018 in *Davis* Case). The body of that motion more specifically identified the proposed class in *Davis* as:

1) "individuals who were the owners and/or occupants of homes and/or businesses engaged in the licensed distribution of marijuana for medical purposes;"

2) "who were subjected to search and/or seizure by agents and/or members of the Detroit Police Department's Narcotics' Unit";

3) "from the period of February 11, 2012 until the date of judgment or settlement in this case;"

4) "who were never convicted of any offense arising from the search and/or seizure;"

5) "whose search and seizure were executed without probable cause;" and

6) "where such searches and/or seizure were conducted pursuant to Defendant City of Detroit's policies, practices, and/or customs."

(ECF No. 88 at PageID.1024-25). The motion made no reference whatsoever to individuals who have been subjected to excessive force by police officers.

Judge Borman declined to certify a class action in the *Davis* Case in his August 31, 2018 Opinion and Order Denying Plaintiffs' Motion for Class Certification. (ECF No. 168).

2

Following that ruling, the two attorneys who filed the *Davis* case filed several individual actions on behalf of persons who alleged that they were the victims of improper searches and would have been class members had *Davis* been certified as a class action.

**Other Individual Cases In This District**

Acting through the same counsel that filed the *Davis* Case, plaintiff Nick Frontczak filed suit against the City of Detroit and some of its officers. That case, Civil Action Number 18-13781, was assigned to the Honorable Robert H. Cleland.

Another similar individual case was brought on behalf of plaintiffs Douglas Lockard and Adam Santiago by the same counsel that represented the plaintiff in the *Davis* Case. That case, Civil Action Number 18-13045, was assigned to Judge Borman.

In both of those cases, the district courts ruled that any excessive force claim in those actions was time-barred, and that *American Pipe* tolling would not apply to toll such a claim. *See Lockard v. City of Detroit*, 2021 WL 3883263 (E.D. Mich. Aug. 31, 2021 J. Borman); *Frontczak v. City of Detroit*, 2021 WL 4440332 (E.D. Mich. Sept. 28, 2021 J. Cleland).

**This Case**

Acting through the same counsel that filed the *Davis* Case, Plaintiffs Justin Reid and Stephen McMullen filed this action on November 26, 2018. Plaintiffs asserted § 1983 claims against the City of Detroit and five of its current or former police officers, alleging that the officers violated their Fourth Amendment rights during the execution of a search warrant at Reid's business premises in January of 2014. Plaintiffs also asserted a *Monell* claim against the City, seeking to hold it liable for those violations.

At this juncture, the only remaining claim is a § 1983 excessive-force claim against

Defendant Bray asserted by Plaintiff Justin Reid. That claim was first asserted by Plaintiff Reid in his December 1, 2019 Second Amended Complaint. (*See* Sec. Am. Compl. at ¶ 19, alleging that, during the search, Defendant Bray forced Plaintiff Reid "at gun point to sign a false confession.").

## STANDARD OF REVIEW

The pending motion seeking judgment on the pleadings was brought by Defendant Bray pursuant to Fed. R. Civ. P. 12(c).

As an initial matter, Plaintiff's response brief asserts that a statute of limitations challenge is not appropriately addressed in a motion to dismiss/motion for judgment on the pleadings under Fed. R. Civ. P. 12. Although a motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," sometimes the allegations in the complaint affirmatively show that the claim is time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Crawford v. Tilley*, __ F.4th __, 2021 WL 4699442 at *7 (6th Cir. Oct. 8, 2021) (Noting that the validity of a statute of limitations defense may be "apparent from the face of the complaint, rendering a motion to dismiss appropriate.").

As explained by the Sixth Circuit, a "motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6) *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). As such:

> A court evaluating that type of motion thus must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). Courts must accept as true all well-pleaded factual allegations, but they need not accept legal conclusions. *Iqbal,* 556 U.S. at 678, 129 S.Ct.

> 1937. And the well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679, 129 S.Ct. 1937. Pleaded facts will do so if they "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. 1937. Pleaded facts will not do so if they "are 'merely consistent with' a defendant's liability." *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Bates,* 958 F.3d at 480.

As a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment. The Court, may, however, consider documents presented by Defendant if "they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cnty. Dept. of Human Svs.*, 901 F.3d 656, 695 (6th Cir. 2018). In addition, the Court may consider matters of public record, including filings in other cases in this district. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

## ANALYSIS

At this juncture, the only remaining claim in this action is Plaintiff Reid's § 1983 excessive-force claim against Defendant Bray.

Defendant's motion asserts that, to the extent that Reid has asserted a § 1983 excessive-force claim against Bray in this case, it must be dismissed as time-barred. Defendant contends that any excessive-force claim would be time-barred because there was no claim for excessive force in the *Davis* class action, and under *American Pipe* class-action tolling, the statute of limitations here was not tolled by the *Davis* Case as to an excessive-force claim.

The Court agrees that any excessive-force claim asserted against Bray in this action is time-barred.

The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *See*

*Wilson v. Garcia*, 417 U.S. 261, 272 (1985). In Michigan, the statute of limitations for personal injury claims is three years. *See* Mich. Comp. Laws § 600.5805(10). Thus, a three-year statute of limitations applies.

"Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Here, Reid's excessive-force claim against Bray accrued on January 6, 2014 – the date on which Bray is alleged to have forced Reid "at gunpoint to sign a false confession." (Pls.' Sec. Am. Compl. at ¶ 19).

But Plaintiff Reid did not file this case until November 26, 2018, and did not file his Second Amended Complaint making the allegation as to Bray threatening him at gun point until December 1, 2019. Accordingly, the claim is time-barred absent some type of tolling.

In response to Defendant's motion, Plaintiff contends that he is entitled to tolling under *American Pipe* and its progeny.

Virtually identical arguments were made by the plaintiffs in *Lockard* and *Frontczak,* two other cases filed after Judge Borman declined to certify a class action in *Davis,* and those arguments were rejected in both cases.

The district court in *Lockard* began by discussing the contours of tolling under *American Pipe*:

> In *American Pipe*, the Supreme Court held that the filing of a class action tolls the period of limitations for all class members who timely intervene after a court denies class certification. *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 553 (1974). In *Crown, Cork & Seal*, a unanimous Supreme Court limited the class-action tolling doctrine to original class members who file individual actions after class certification is denied. *Crown, Cork & Seal v. Parker*, 462 U.S. 345, 353–54 (1983). Significantly, Justice Powell's concurrence noted that the tolling rule of *American Pipe* "should not be read, however, as leaving a plaintiff free to

6

> raise different or peripheral claims following denial of class status ... Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under American Pipe and are barred by the statute of limitations." *Id*. at 354–55. Justice Powell further noted that American Pipe and the class-action tolling doctrine applied where the subsequent claims " 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit....' " *Id*.
>
> In *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit noted with approval Justice Powell's cautioning that the tolling rule of American Pipe should not be read as leaving a plaintiff free to raise different or peripheral claims.
>
> In *Cowles v. Bank West.*, 476 Mich. 1, 19–20 (2006), the Michigan Supreme Court examined Weston as well as cases from around the country examining *American Pipe* tolling, and rejected the limited reading of *American Pipe* in *Weston*. The Michigan Supreme Court held that rather than only tolling identical claims that were raised or could have been raised, a "class-action complaint tolls the period of limitations for a class member's claim that arises out of the same factual and legal nexus as long as the defendant has notice of the class member's claim...." *Id*. at 20–21 (emphasis added). The court in *Cowles* determined that because the claim in the class action complaint for alleged liability was based on the same acts as the new Truth in Lending Act claim, the new claim was not "different or peripheral," and class action tolling applied.
>
> In a case applying these principles, *Currithers v. FedEx Ground Package Sys., Inc.*, No. 04-10055, 2012 WL 458466 (E.D. Mich. Feb. 13, 2012), a district court determined that claims in the individual complaint were tolled by the prior class action complaint where the claims provided the defendant with "sufficient notice of the contours of potential claims" citing *Cowles*, 476 Mich. at 22–23, and provided that those claims shared "a common factual and legal nexus with the claims asserted in the original [class action] complaint." The court determined that the claims in each complaint shared a factual and legal nexus given that the claims were both predicated on the same set of actions—defendant FedEx's alleged mischaracterization of plaintiffs as employees rather than independent contractors. Further, when considering whether a claim for fraud was tolled during the class action, the court reasoned that the tolling on the fraud claim "ended when it was excluded from Plaintiffs' motion for class certification." *Id.*

*Lockard, supra*, at *3-4. The district court then applied those principles to the case before it, and found that *American Pipe* tolling did not apply:

> [T]he Court finds that because a claim for excessive force in this case arises out of a different factual and legal nexus than the claim upon which the *Davis* class action was based (unlawful search and seizure without probable cause), the claim for excessive force does not benefit from *American Pipe* tolling

7

> and is barred by the statute of limitations.
>
> The *Davis* class action plaintiffs' proposed class identified putative class members, tied to the lack of probable cause in search warrants. (*Davis v. City of Detroit*, 15-10547, Mot. for Class Cert., ECF No. 111-4 PageID.4142–43.) There was no specific claim for excessive force in the *Davis* complaint, and nothing to suggest excessive force was a basis for class certification.
>
> An unlawful search and seizure based on a lack of probable cause is conceptually and legally different than a claim for excessive force. *See e.g., Nails v. Riggs*, 195 F. App'x 303, 313–14 (6th Cir. 2006) ("The issues of whether there was probable cause to arrest and whether excessive force was used are distinct."); *Humphrey v. Mabry*, 482 F.3d 840, 849 (6th Cir. 2007) (treating the unlawful seizure claim as based on whether the warrantless arrest was based on reasonable suspicion, and analyzing the claim for excessive force separately); *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007) (regarding claims of unlawful arrest and excessive force, the court noted that, "[t]hese two inquiries are separate and independent, though the evidence may overlap.").
> . . . .
> Similarly to *Currithers*, where tolling on the fraud claim "ended when it was excluded from Plaintiffs' motion for class certification," so too here, an excessive force claim was not included in the *Davis* class action complaint, nor in the motion for class certification. 2012 WL 458466, at *8. Nor is it specifically brought in Lockard's instant complaint.
>
> Thus, Plaintiffs' attempt to add a claim of excessive force, does not benefit from *American Pipe* tolling, and is time barred by the applicable three-year statute of limitations for personal injury claims set forth in M.C.L § 600.5805.

*Lockard, supra*, at *4-5.

Judge Cleland followed the analysis in *Lockard* and held that the plaintiff in *Frontczak* "cannot raise a claim for excessive force during the execution of the search warrant because the claim was not asserted in the *Davis* class action, so the statute of limitations for such a claim had already run by the time the [Frontczak] action was filed in December 2018." *Frontczak, supra* at *4.

This Court now reaches the same result in this case. An excessive force claim was not included in the *Davis* class-action complaint and the motion for class certification in *Davis* did not seek to certify any excessive-force claims. Thus, Reid does not benefit from *American Pipe*

8

tolling and his excessive-force claim against Defendant Bray is barred by the applicable three-year statute of limitations.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Bray's motion is GRANTED and Plaintiff's excessive-force claim asserted against him is DISMISSED as TIME-BARRED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 15, 2022